THE STATE OF OHIO, APPELLEE, *v.* RICE, APPELLANT.

[Cite as State v. Rice, 14 Ohio App. 2d 20.]

(No. 28657—Decided April 4, 1968.)

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Henry J. Szemer*, for appellee.
*Mr. Carl A. Mintz*, for appellant.

CORRIGAN, C. J. Defendant appeals his conviction by a jury on February 20, 1967, on a charge of receiving stolen property on December 16, 1965, namely, three office machines stolen in a burglary of the R. B. Denison Company. The indictment upon which he was found guilty was returned on November 3, 1966.

Five claims of error are assigned, in the first of which it is asseverated:

"1. Constitutional Question: May a defendant be incarcerated and held for trial for fourteen (14) months by virtue of three successive indictments for facts arising out of the same incident."

Some further explanation of the factual background to the indictment in question seems imperative before consideration of this contention.

On December 22, 1965, defendant was indicted for burglary and larceny at the R. B. Denison Manufacturing Company in Bedford, Ohio. Defendant was unable to make bond and was incarcerated in the county jail until a verdict was directed discharging him at his trial under the indictment on October 14, 1966. However, on September 22, 1966, defendant had been indicted a second time for receiving stolen property on December 1, 1965, namely, an electric adding machine which had been stolen from R. B. Denison Company. To this charge, a *nolle prosequi* was entered on February 15, 1967.

Defendant argues that his incarceration for fourteen months while awaiting trial amounts to a deprivation of

his rights under the Sixth Amendment to the United States Constitution, because the three successive indictments, referred to above and under which he was held, were based upon "the same facts and incident" and were well known to the prosecution at the time the first charge was placed. The indictment with which we are concerned in this appeal was returned almost eleven months after the offense charged was allegedly committed.

As in many states, Ohio has a statutory provision which implements the speedy-trial guarantees of the United States and Ohio Constitutions. Section 2945.71, Revised Code, provides that a person detained in jail without trial more than two terms after the term in which he was indicted is entitled to discharge, unless a continuance was had on his motion or the delay was caused by his act. Any possible application of the statute was rendered moot by court decision on the indictment of December 22, 1965. The other two indictments were disposed of within the statutory time limits.

Even though the rights of defendant under that statute were not infringed upon, the question whether defendant's constitutional rights under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution were violated is still presented to us. More specifically, the crucial question is whether, under the unusual factual circumstances of this case, the delay in disposing of this charge against defendant was arbitrary, oppressive and unconstitutional. Factors usually employed by courts in determining such a controversy are: (1) Time involved, (2) who caused the delay, (3) purposeful aspect of the delay, (4) prejudice to the defendant, and (5) waiver by the defendant. See, *Bond* v. *United States* (D. C. C. A., 1967), 233 A. 2d 506.

The law is quite clear that time alone does not determine whether the constitutional right to a speedy trial has been denied. As stated in *United States* v. *Ewell* (1966), 383 U. S. 116, at 120, a case heavily relied upon by appellee:

"We cannot agree that the passage of 19 months be-

tween the original arrests and the hearings on the later indictment itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial. This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances * * *.' * * *''

The transcript and bill of exceptions before us do not reveal who was responsible for delay, if any, in bringing this cause to trial. However, if any delay could be ascribed to pleas, motions or proceedings filed on behalf of defendant, then claim of lack of speedy trial will fail. See 57 A. L. R. 2d 314; 15 Ohio Jurisprudence 2d 331 and 423, Criminal Law, Sections 99 and 233.

As to any purposeful aspect of alleged delay in bringing defendant to trial, the record before us fails to demonstrate any such design on the part of the prosecuting attorney.

Prejudice, if any, to the defendant as a result of a failure of speedy trial is, of course, most important. See *Bond* v. *United States* (D. C. C. A., 1967), 233 A. 2d 506; *United States* v. *Beard* (1967), 381 F. 2d 325; *United States* v. *Ewell* (1966), 383 U. S. 116. In the latter case, at page 122, Mr. Justice White wrote:

"* * * the appellees' claim of possible prejudice in defending themselves is insubstantial, speculative and premature. They mention no specific evidence which has actually disappeared or has been lost, no witnesses who are known to have disappeared * * *. In this respect, it should

be recalled that the problem of delay is the Government's too, for it still carries the burden of proving the charges beyond a reasonable doubt."

Although there is nothing in Ohio case law which requires an affirmative showing of prejudice, it is arguable that this requirement, as quoted above from the *Ewell case*, is now applicable to the states by virtue of *Klopfer* v. *North Carolina* (1967), 386 U. S. 213. We note that in *Raburn* v. *Nash* (1967), 78 N. M. 385, 431 P. 2d 874, the New Mexico Supreme Court said:

"In this connection, since *Klopfer* v. *North Carolina*, 386 U. S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988, has held the speedy-trial provision of the Sixth Amendment applicable to criminal proceedings in state courts, *United States* v. *Ewell*, 383 U. S. 116, 15 L. Ed. 2d 627, 86 S. Ct. 773, is applicable in its declaration that, because of the many procedural safeguards provided an accused, criminal prosecutions are necessarily designed to move at a deliberate pace * * *."

Cf., also, *Bond* v. *United States* (D. C. C. A., 1967), 233 A. 2d 506, at 512, footnote 13.

Finally, a most important question, and one to which appellee addresses itself, is whether the appellant waived his right to a speedy trial by failing to demand a trial during his incarceration. Appellant made no demand for trial during the ten months he was imprisoned under the burglary and larceny charge; but, after he demanded trial on the other two indictments, he was brought to trial within four weeks. This waiver question is examined in 57 A. L. R. 2d 305, as follows:

"As was observed in the earlier annotation [129 A. L. R. 572], the right to speedy trial is fundamentally a right guaranteed by federal and state constitutions, but it is also a statutory right in those states which in addition to the constitutional guaranty define the nature and limits of the right by express statute. Therefore, waiver or loss by one accused of crime of his right to a speedy trial includes waiver or loss not only of such right as it is guaranteed generally by federal and state constitutions but also of the rights of the accused under statutes attempting to

define 'speedy trial' by providing for the time within which accused must be brought to trial.''

Accord: 15 Ohio Jurisprudence 2d 331 and 423, Criminal Law, Sections 99 and 233; *Raburn* v. *Nash* (1967), 78 N. M. 385, 431 P. 2d 874; *State* v. *Couture* (1960), 156 Me. 231, 163 A. 2d 646; *State* v. *Doyle* (1967), 11 Ohio App. 2d 97.

In this last case, decided in February of 1967, the Court of Appeals for Hamilton County carefully reviewed the Ohio cases and concluded that an affirmative demand upon the court must be made by the accused in order to avail himself of his constitutional right to a speedy trial. Appellant cites *Shafer* v. *State* (1932), 43 Ohio App. 493, for the proposition that an accused need make no demand for trial. But the court in *Doyle* demonstrated that this principle in the *Shafer case* has been completely undermined by more recent Ohio decisions.

In his reply brief, appellant argues that the Supreme Court case of *Klopfer* v. *North Carolina* (1967), 386 U. S. 213, which was decided one month after *State* v. *Doyle* (1967), 11 Ohio App. 2d 97, overrules *Doyle*, insofar as the Ohio case held that a trial, which occurred within six weeks after a demand for trial, was not an unconstitutional delay. It is quite clear, however, that the *Klopfer* decision did not overrule any portion of the *Doyle case*. In *Klopfer*, after a jury had failed to reach a verdict in defendant's trial in a North Carolina state court, the trial judge granted the prosecution's motion to enter a *nolle prosequi* with leave to reinstate the prosecution at a future date. The Supreme Court of the United States held that this peculiar North Carolina procedure violates the Sixth Amendment by indefinitely prolonging the oppressive effects of the pendency of the indictment.

Several courts in other jurisdictions have recently held that *Klopfer* does not apply to situations where different indictments are involved or where reindictments at later dates occur. These courts read the *Klopfer* rule as being limited to the peculiar procedure used in North Carolina. See *State* v. *Ackerman* (1967), 27 Conn. Sup. 209, 234 A. 2d 120; *People* v. *Baskin* (1967), 38 Ill. 2d 141, 230 N. E.

2d 208; *People* v. *Wildey* (1967), 86 Ill. App. 2d 274, 229 N. E. 2d 882. In *People* v. *Wildey* (1967), 86 Ill. App. 2d 274, 229 N. E. 2d 882, the defendant was indicted for embezzlement and conspiracy to obtain by false pretenses the property of an insurance company. This indictment was returned in September 1960. These charges were dismissed under Illinois' Four Term Act (Ill. Rev. Stats. 1961, c. 38, Section 748), which is similar to Section 2945.71, Revised Code, in 1961. In June 1962, defendant was indicted for forging signatures on the papers which he sent to the insurance company. He argued that he should have been charged with forgery in 1960 since the same moneys were involved in both cases and since all the facts in the forgery indictment were known to the prosecuting authorities in 1960. The defendant maintained that the failure of the court to discharge the forgery case when it discharged the embezzlement and conspiracy case operated to deprive him of a right to a speedy trial. The court held otherwise, saying, at page 281:

"We do not believe that the defendant was deprived of his right to a speedy trial. The forgery trial, from which this appeal is taken, is not a continuation of the proceeding commenced in September 1960. It came after a separate and distinct indictment which was filed in 1962. Defendant does not contend on appeal that the prosecution for forgery has resulted in double jeopardy. Furthermore, Section 3-3 of the Criminal Code of 1961 (Ill. Rev. Stats., Ch. 38, Section 3-3), effective January 1, 1962, which provides that under certain circumstances all offenses based upon the same act must be prosecuted in a single action, is inapplicable to this case because its effective date was subsequent to the discharge of the original action.

"As support for his position that he was deprived of his right to a speedy trial defendant cites *Klopfer* v. *North Carolina*, 386 U. S. 213. * * *. That case, however, is wholly inapplicable to the case at bar since in that case the accused could be tried at any time under the original indictment and thus there was an indefinite continuation of a pending indictment. In the instant case the forgery trial

was not under the indictment of 1960. Rather, defendant was tried under a new 1962 indictment for forgery within the requisite time from the date of his arrest under that indictment. We therefore find that he was not denied a speedy trial."

As in the *Wildey case*, the appellant in the instant case was charged with separate crimes under separate indictments returned by different grand juries. The two indictments for receiving stolen property arose out of different fact situations and involved different proof. As set forth in the record and pointed out in appellee's brief, the September 22, 1966, indictment concerned one office machine allegedly received by appellant on December 1, 1965, while the November 3, 1966, indictment involved three office machines received by appellant at a later time.

Finally, even if, as appellant contends, the prosecution did know all the facts in these cases in 1965, there is no authority in Ohio which requires the prosecuting attorney to prosecute the various offenses arising from these facts at the same time. In Illinois, on the other hand, as mentioned in *People* v. *Wildey* (1967), 86 Ill. App. 2d 274, 229 N. E. 2d 882, a statute exists which prevents the alleged unfairness of which appellant, Rice, complains.

After a careful consideration of this claim of error in the light of the record and the constitutional and statutory questions involved, it is our determination, and we so hold, that defendant, appellant herein, Rice, was not deprived of either his constitutional or statutory right to a speedy trial, and this assignment of error is overruled.

Further, we find no merit to the other four assertions of errors, and the same are likewise overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITE and ARTL, JJ., concur.