THE STATE OF OHIO, APPELLANT, *v.*
TURNER, APPELLEE.

(No. 1093—Decided February 10, 1982.)

*Mr. Gregory W. Happ,* prosecuting attorney, for appellant.

*Mr. Dennis Paul,* for appellee.

QUILLIN, J. Defendant was arrested in Florida on December 3, 1979, for kidnapping, aggravated robbery and carrying a concealed weapon. All of the charges were related to his conduct on November 28, 1979, in Medina County, Ohio. He was returned to Ohio in January where his case was tried to a Medina County jury in late February 1980. Defendant was convicted on two counts of kidnapping, three counts of aggravated robbery and one count of carrying a concealed weapon. He was sentenced to prison for a total of twelve to eighty years. Thereafter, on May 27, 1980, defendant was convicted in Summit County of various unrelated charges of having a weapon under disability, kidnapping and aggravated robbery. On these charges he received a prison sentence of from fourteen to fifty years.

On September 17, 1980, while defendant was imprisoned, this court ruled that defendant's plea of not guilty by reason of insanity should not have been withdrawn over his objection, and reversed and remanded his convictions arising out of the Medina County charges. He remained in prison, however, because the sentences from the Summit County convictions were still in effect. Approximately eleven and one half months later, on August 31, 1981, the trial court dismissed the case, holding that defendant had not received a speedy trial as required by law. We reverse.

Assignments of Error Nos. I and II

"I. The trial court erred in dismissing the indictments against the defendant-appellee, who was incarcerated on other and different charges, and who never demanded trial, as Ohio Revised Code, Section 2945.71 by its terms is inapplicable by virtue of Ohio Revised Code, Section 2945.71(F).

"II. The trial court erred, on remand, by dismissing, pursuant to Ohio Revised Code, Section 2945.71 *et seq.,* the subject indictments for failure of the State of Ohio to bring the defendant to trial within 270 days after remand since: (1) The aforesaid statutes only apply to trials following arrest and not retrials ordered upon reversal and remand; (2) The trial court improperly considered, for purposes of determining if the defendant was brought to trial, certain tactical deci-

sions affecting evidentiary matters and defendant's plea."

R.C. 2945.71 provides, in part:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"* * *

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *

"(F) This section shall not be construed to modify in any way section 2941.401 * * *."

In the case *sub judice,* defendant was originally afforded a timely trial and was convicted. These convictions were later overturned and the cause was remanded. Under such circumstances, the provisions of R.C. 2945.71, which delineate the time frame within which the trial must be held, no longer apply. Instead, constitutional requirements are applicable. *State* v. *Whitehouse* (Nov. 25, 1981), Medina App. No. 1084, unreported; *State* v. *Horton* (Nov. 12, 1981), Summit App. Nos. 10131 and 10162, unreported; and *State* v. *Workman* (1977), 60 Ohio App. 2d 204, at 210 [14 O.O.3d 181].

Furthermore, R.C. 2941.401 provides:

"When a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final

disposition to be made of the matter, * * *."

Before defendant can avail himself of the terms of R.C. 2941.401, he must first show that he delivered written notice to both the prosecuting attorney and the appropriate court, stating his place of imprisonment and a request that there be a final disposition made of the case. Thereafter, defendant must be brought to trial within one hundred eighty days. In the matter before us, however, defendant never gave such notice, written or otherwise. Thus, the statute is not applicable, and as stated above, defendant must base his speedy trial argument on constitutional grounds.

### Assignment of Error No. III

"The trial court erred in dismissing the indictments of the instant case since the setting of a retrial some eleven months after reversal on remand does not amount to a violation of the defendant's right to a speedy trial guaranteed by the United States Constitution and the Ohio Constitution."

In reviewing defendant's claim that he was denied his constitutional right to a speedy trial, we shall first look at the issue as explained by the United States Supreme Court in *Barker* v. *Wingo* (1972), 407 U.S. 514. The court adopted a balancing test in determining whether the defendant received a speedy trial. It enumerated four criteria which should be considered: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

In the instant case, eleven and one half months elapsed between the time the defendant's first convictions were reversed and remanded and the time his second trial was to commence. Although this exceeds the more restrictive time frame provided for in R.C. 2945.71, it is not necessarily such a long delay as to violate the speedy trial provisions of the United States or Ohio Constitutions. *Barker* v. *Wingo, supra* (five-year delay);

*State* v. *Rice* (1968), 14 Ohio App. 2d 20 [43 O.O.2d 56] (fourteen-month delay); and *Shafer* v. *State* (1932), 43 Ohio App. 493 (eighteen-month delay). Thus, although there was a delay in retrying defendant, we must look at the other criteria to ascertain whether his constitutional right was violated.

One reason for the delay was that it took several months to locate, appoint and schedule a visiting judge to hear the case. This was necessary because of defendant's unruly conduct at his original trial. Moreover, the delay was in part a result of the court's congested criminal docket. Though these reasons, standing alone, might be insufficient to excuse the length of the delay before retrial, they are factors to be weighed along with the other criteria.

We find no place in the record, nor does defendant cite us to any, indicating that defendant asserted his right to a speedy trial prior to August 19, 1981 which was after he had been returned to Medina County for retrial. In *Barker, supra,* the Supreme Court stated at 531-532:

"* * * The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."

The final element to be considered in the balancing formula is prejudice to the defendant. He cannot assert that he was confined in prison on the pending charges because he was awaiting his retrial. The record reveals his imprisonment during the eleven and one half months resulted from criminal charges he had been convicted of in Summit County. Furthermore, since defendant was imprisoned on the other charges, the delay in his retrial did not cost him any lost wages or the loss of employment, nor did it place any new or additional financial burden on his family. Finally, with respect to defendant's assertion that the memory of key witnesses had faded because of the delay, he alleges no specifics to substantiate this allegation.

Moreover, prior to the original trial, independent psychiatric reports were submitted to the court. They were based on examinations conducted shortly after the crimes had been committed. The information in those reports does not fade with time; hence, defendant cannot assert that the delay in retrying his case negatively impeded his opportunity to present his insanity defense at retrial.

In considering all of the *Barker* criteria *in toto,* we are persuaded that defendant has not been denied a speedy trial under the federal Constitution. Under the Ohio Constitution, similar criteria as enumerated in *Barker, supra,* have been employed to determine whether a defendant has been denied a speedy trial. *State* v. *Rice, supra.*

Thus, we find merit in appellant's assignments of error. The judgment is reversed and the cause is remanded for retrial.

*Judgment reversed and cause remanded.*

VICTOR, P.J., and MAHONEY, J., concur.