DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Donald Carter appeals from his conviction for drug abuse in the Lorain County Court of Common Pleas. We affirm.
 I.
On November 11, 1995, appellant Donald Carter, an inmate in the Lorain Correctional Institution, was discovered to be in possession of a controlled substance in violation of R.C.2925.11(A). A trooper from the State Highway Patrol interviewed Carter in connection with this drug allegation in late 1995. After the interview, Carter advised the prison warden that he wanted to enforce his speedy trial rights and requested the warden to send notification to the appropriate authorities. Because the State had not yet indicted or charged Carter with regard to the allegation, the warden took no action on this request. On January 10, 1996, Carter mailed a written demand to the Lorain County Prosecutor, seeking to enforce his right to a speedy trial with regard to the drug allegations. Again, because Carter had not been indicted or charged, the prosecutor took no action with regard to Carter's demand.
On March 6, 1996, the Lorain County Grand Jury indicted Carter on one count of drug abuse as a result of the November 11, 1995 incident. A warrant for Carter's arrest was issued on March 8, 1996. The warrant accurately reflected Carter's inmate number and listed his address as "Grafton Correctional." The sheriff served the warrant upon Carter on November 25, 1996. At his arraignment on November 27, 1996, Carter pleaded not guilty to the charge.
Carter moved the trial court to dismiss the case on January 15, 1997, claiming a violation of his speedy trial rights under R.C. 2941.40.1. The trial court held a hearing on Carter's motion on February 3, 1997 and denied it by journal entry dated February 10, 1997. Carter then entered a plea of no contest to the indictment on February 11, 1997. The trial court accepted the plea and sentenced Carter to one and a half to five years imprisonment in the Lorain Correctional Institution, with the sentence to be served concurrently with all other sentences being served by Carter. Carter timely filed the instant appeal with this court.
 II.
Carter raises three assignments of error for our review. We afford each separate consideration.
 A. The trial court erred to the prejudice of the appellantand in violation of rights conferred by O.R.C. sections2941.40.1, 2945.71, 2945.72, 2945.73, Article I Section 10 ofthe Constitution of the State of Ohio and the Sixth andFourteenth Amendments to the United States Constitution whenit denied appellant's motion to dismiss.
In his first assignment of error, Carter maintains the trial court erred in denying his motion to dismiss pursuant to R.C. 2941.40.1. He argues the trial court improperly found R.C. 2941.40.1 has no application to the case at bar. This assignment of error lacks merit.
R.C. 2941.40.1 provides, in pertinent part:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
Carter sent a letter, pursuant to R.C. 2941.40.1, to the Lorain County Prosecutor on January 10, 1996, stating that he sought to enforce his speedy trial rights with regard to the allegations of his possession of heroin on November 11, 1995. However, at the time Carter wrote the letter, the State had neither charged nor indicted Carter with regard to the November 11 drug allegations. R.C. 2941.40.1 provides that an incarcerated defendant may trigger his speedy trial rights regarding anypending untried indictment, information or complaint by making a written request to the prosecutor and the court in which the matter is pending. Nevertheless, Carter maintains that he was not required to "strictly comply" with R.C. 2941.40.1.
In support of his position that he should not be required to "strictly comply" with the requirements of R.C. 2941.40.1, Carter directs us to State v. Doane (July 9, 1992), Cuyahoga App. No. 60097, unreported. In Doane, the defendant also mailed a written request to enforce her speedy trial rights before she was indicted. See id. at 2-3. However, the Doane case is distinguishable from the case sub judice. While no indictment had been handed down, charges were pending against Doane at the time she mailed her written demand. Additionally, Doane served her request upon the appropriate court of law, as well as the prosecuting attorney. Thus, the Doane court found substantial compliance with R.C. 2941.40.1. Id. at 3. We do not believe such substantial compliance is present in Carter's case.
Furthermore, this court previously held that, before a defendant may avail himself of the speedy trial safeguards of R.C. 2941.40.1, "he first must show that he delivered written notice toboth the prosecuting attorney and the appropriate court, stating his place of imprisonment and a request that there be a final disposition of the case." State v. Turner (1982), 4 Ohio App.3d 305,306. (Emphasis added.) Carter presents no evidence indicating he served notice of his request on the appropriate court of law.
In light of the foregoing, we believe the trial court correctly determined that Carter failed to comply with the requirements of R.C. 2941.40.1 and thus, the safeguards of the statute are inapplicable in his case. Therefore, Carter's first assignment of error is overruled.
 B. R.C. 2941.40.1 is unconstitutionally vague and violatesthe Due Process Clause of the Fourteenth Amendment to theUnited States Constitution and Article I, Section 16, of theOhio Constitution.
Carter's second assignment of error challenges the constitutionality of R.C. 2941.40.1. Upon review of the record, we find Carter failed to raise this issue in the trial court below. An issue that could have been raised in the trial court may not be considered for the first time on appeal. Dunkle v. Kinsey (Jan. 14, 1998), Summit App. No. 18377, unreported at 8. As such, Carter has waived the constitutionality issue for the purpose of appellate review. His second assignment of error is overruled.
 C. The trial court erred to the prejudice of the appellantand in violation of the rights conferred [sic] O.R.C.sections 2945.71, 2945.72, 2945.73 and 2941.40.1, Article ISection 10 of the Constitution of the State of Ohio and theSixth and Fourteenth Amendments to the United StatesConstitution when it did not apply the Grant balancing testto these facts.
In his third assignment of error, Carter claims the trial court failed to apply the test set forth by this court in State v.Grant (1995), 103 Ohio App.3d 28. Carter asserts that, had the trial court applied the Grant test to the facts of the case at bar, it would have concluded that his speedy trial rights were violated. We disagree.
We review de novo legal questions regarding speedy trial rights. State v. Auterbridge (Feb. 25, 1998), Lorain App. No. 97CA006702, unreported at 3. In the Grant case, we held that a delay between the arrest and indictment of a defendant may violate the defendant's right to a speedy trial. Grant, supra, at 33, citing Doggett v. United States (1992), 505 U.S. 647, 648-649,120 L.Ed.2d 520, 526. In order to evaluate whether the delay violated the defendant's speedy trial right, we employed a two part test outlined by the Supreme Court in Doggett. The initial inquiry in the Doggett test asks whether the interval between indictment and trial "crossed the threshold dividing ordinary from `presumptively prejudicial' delay." Doggett, 505 U.S. at 651-652,120 L.Ed.2d at 528, quoting Barker v. Wingo (1972), 407 U.S. 514,530, 33 L.Ed. 101,117. The Doggett court stated, in a footnote, that a delay of one year may be "presumptively prejudicial."Doggett, 505 U.S. at 652, 120 L.Ed.2d at 528, fn. 1. In Grant, this court found a seventeen month delay between indictment and service to be a "presumptively prejudicial" delay. Grant,103 Ohio App.3d at 34. After consideration, we conclude the nine month period between indictment and service in the case sub judice
does not constitute a "presumptively prejudicial" delay for speedy trial purposes. Because we find there is no threshold showing of a "presumptively prejudicial" delay, we need not proceed to the second prong of the Doggett analysis. See Grant, supra, at 34.
Accordingly, Carter's third assignment of error is overruled.
 III.
Appellant Donald Carter's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 _________________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
DICKINSON, J.
CONCUR.