DECISION AND JOURNAL ENTRY
The State of Ohio has appealed from a judgment of the Summit County Court of Common Pleas that dismissed the charge of murder against Defendant Robert Earl McGowan. This Court reverses and remands for further proceedings consistent with this decision.
 I.
On July 16, 1999, a complaint was filed in the Akron Municipal Court, charging Defendant with one count of murder, in violation of R.C. 2903.02. At that time, Defendant was incarcerated at the Belmont Correctional Institution, serving a sentence for several previous convictions.
Defendant prepared and submitted to Arthur Tate, Jr., the warden of the Belmont Correctional Institution ("Warden"), two documents titled "NOTICE OF UNTRIED INDICTMENT, INFORMATION OR COMPLAINT AND RIGHT TO REQUEST DISPOSITION" and "INMATES (sic) NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS OR COMPLAINTS." The Warden then caused each of the documents to be served, via certified mail, upon Summit County Prosecutor Michael T. Callahan. Service was perfected on July 29, 1999. To date, neither the Clerk of the Akron Municipal Court nor the Clerk of the Summit County Court of Common Pleas has been served with such papers.
On December 15, 1999, Defendant was brought before the magistrate in the Summit County Court of Common Pleas. First, the magistrate asked Defendant if he could afford an attorney. When Defendant stated that he could not, the magistrate reviewed each of the five paragraphs of an affidavit of indigency provided to Defendant, which he ultimately executed. At that point, the magistrate found Defendant indigent, entered a technical plea of not guilty and assigned the matter to a judge. The magistrate then asked Defendant if he had any questions. Defendant answered in the negative. Finally, the magistrate continued the matter until January 4, 2000.
On January 4, 2000, Defendant, by and through counsel, moved for a one week continuance. The trial court, finding good cause shown, granted the motion and scheduled a second pre-trial for January 10, 2000. On February 1, 2000, Defendant filed a motion to dismiss pursuant to R.C. 2941.401, claiming: (1) that one hundred eighty days had elapsed since his written notice and request for final disposition were served, (2) that the trial court no longer maintained jurisdiction, and (3) that the charge should be dismissed with prejudice. The State responded in opposition, and on February 29, 2000, the trial court granted Defendant's motion. The State timely appealed, asserting three assignments of error. This Court has rearranged the assignments of error for ease of discussion.
 II. The State's Third Assignment of Error THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT IT LOST JURISDICTION OVER THE CASE AFTER EXACTLY [ONE HUNDRED EIGHTY] DAYS ALLEGEDLY ELAPSED FROM THE REQUEST FOR FINAL DISPOSITION.
 In its third assignment of error, the State has argued that, assuming the trial court had correctly charged Defendant only with the six day period between January 4, 2000 and January 10, 2000, it nevertheless incorrectly dismissed Defendant's indictment because the motion to dismiss was filed on the one hundred eightieth day. This Court agrees.
R.C. 2941.401, Ohio's speedy trial statute for incarcerated defendants, provides, in pertinent part:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter[.] (Emphasis added.)
 Under the trial court's calculation of time, including the six day continuance between January 4, 2000 and January 10, 2000 granted at Defendant's request, February 1, 2000 would have been the one hundred eightieth day since Defendant's written notice and request for final disposition were served. Indeed, the trial court specifically recognized this fact in its dismissal order. It then proceeded to conclude that because Defendant had not been brought to trial within one hundred eighty days, it was without jurisdiction to proceed. The State has argued, however, that because R.C. 2941.401
states "within one hundred eighty days," the General Assembly intended the time to expire on day number one hundred eighty one. The State's reasoning is buoyed by Crim.R. 45(A), which states that when computing time, "[t]he last day of the period so computed shall be included." See, also, State v. Brown (July 14, 1993), Medina App. No. 2197-M, unreported, at 2 (construing R.C. 2941.401 to permit trial after exactly one hundred eighty days). As such, even accepting the trial court's calculation of time, it nevertheless erred by concluding it was without jurisdiction on the one hundred eightieth day.[1] The State's third assignment of error is sustained.
 The State's Second Assignment of Error THE TRIAL COURT ERRED WHEN FAILING TO TOLL THE TIME COMPUTED UNDER R.C. 2941.401 FOR A CONTINUANCE GRANTED TO THE DEFENDANT FOR THE APPOINTMENT OF COUNSEL.
 For its second assignment of error, the State has claimed that the twenty day period between December 15, 1999 and January 4, 2000, wherein the magistrate continued the matter, was improperly charged to the State. Specifically, the State has asserted that those twenty days must be charged to Defendant for the purposes of calculating time under R.C. 2941.401 because the matter was continued for the purposes of appointing counsel for Defendant. This Court agrees.
The State has advanced two rationales in support of its argument. First, it has invoked R.C. 2945.72, claiming that the statute sets forth several relevant mechanisms for extending the time within which an accused must be brought to trial. That section provides, in pertinent part:
 The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
* * *
 (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]
 The State has also argued that under R.C. 2941.401, the one hundred eighty day period may be extended for the period of any necessary and reasonable continuances.[2] The circumstances of the instant case clearly fall within this category. See, generally, State v. Logan (1991), 71 Ohio App.3d 292, 297. Let there be no doubt that an individual charged with a criminal offense as serious as murder has a constitutionally protected right to counsel, and even when he or she fails to expressly request new counsel, the accused must be afforded such assistance. See State v. Wellman (1974), 37 Ohio St.2d 162, 171-172; Crim.R. 44(A). As noted in Columbus v. Bonner (1981), 2 Ohio App.3d 34, 36, when a trial court has acted in a diligent manner, R.C. 2945.72(C) specifically provides that the statutory speedy trial rights time period may be extended if delay is "necessitated by the accused's lack of counsel." See, also, State v. Lopez (June. 9, 1989), Lucas App. No. L-88-161, unreported, 1989 Ohio App. LEXIS 2172, at *24.
In the case at bar, the magistrate concluded that Defendant was without counsel and indigent for the purposes of administering his defense. As a result, the magistrate judiciously entered a technical plea of not guilty. Upon his determination that Defendant was indigent and without counsel, it was incumbent upon the court to appoint counsel. Considering the gravity of the offense with which Defendant was charged, this Court concludes that the magistrate acted diligently and the twenty day continuance was more than reasonable in order to secure appropriate and competent counsel. The trial court's failure to include this period in its computation of days was, therefore, in error. The State's second assignment of error is sustained.
 The State's First Assignment of Error THE TRIAL COURT ERRED IN FINDING THE DEFENDANT'S REQUEST FOR A FINAL DISPOSITION PROPERLY MADE WHEN THE DEFENDANT HAS NEVER SERVED A COPY OF HIS REQUEST UPON THE TRIAL COURT AS REQUIRED BY R.C. 2941.401.
 In its first assignment of error, the State has argued that Defendant failed to meet the requirements of R.C. 2941.401. Specifically, the State has argued that Defendant, by failing to serve the appropriate court with his written notice and request for final disposition, never activated the statute's one hundred eighty day time clock.
This Court has previously stated that, before an incarcerated criminal defendant can avail himself of the terms of R.C.2941.401, he or she must first show that written notice was delivered to both the prosecuting attorney and the appropriate court, stating his or her place of imprisonment and a request that there be a final disposition made of the case. State v. Turner
(1982), 4 Ohio App.3d 305, 306. Thereafter, the State has one hundred eighty days in which to bring that defendant to trial.Id. However, if that defendant fails to serve written notice on both the appropriate prosecuting attorney and the appropriate court, the State's duty under R.C. 2941.401 has not been triggered. Id; see, also, State v. Grinnell (1996), 112 Ohio App.3d 124,132-133, appeal not allowed by 77 Ohio St.3d 1474.
In this instance, Defendant has not demonstrated that he served the appropriate court with his written notice and request for final disposition. The record indicates that he failed to serve any court with such documents. Contrary to Defendant's assertions, submission of his written notice to the Warden does not satisfy the requirements of R.C. 2941.401. In short, Defendant never flipped the switch, and at no time were his statutory speedy trial rights activated. The State's first assignment of error is sustained.
 III.
The State's three assignments of error are sustained. The trial court's judgment erred in every respect and must be reversed. Upon remand, the trial court shall schedule and commence trial at the earliest possible date.
 __________________ BETH WHITMORE
BATCHELDER, P.J., SLABY, J. CONCUR.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
[1] This Court notes that once a criminal defendant files a motion to dismiss for untimeliness under R.C. 2941.401, the statute is tolled from that day until the day of trial. State v.Logan (1991), 71 Ohio App.3d 292, 297, citing State v. Bickerstaff
(1984), 10 Ohio St.3d 62; R.C. 2945.72(E).
[2] This Court also notes that the Supreme Court of Ohio addressed speedy trial issues in State v. King (1994), 70 Ohio St.3d 158. The King court held that "any sua sponte continuance must be reasonable, and must be accompanied by a journal entry which is made prior to the expiration of the statutory time limit and explains the reasons for the continuance." Id. at 160. Upon review of the record, the magistrate's order clearly meets these requirements.