DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Erie County Court, Milan, Ohio. Finding no reversible error, we affirm the judgment of the trial court. The facts giving rise to this appeal are as follows.
On January 18, 2000, appellant, Terry Dickerson, was charged with criminal damaging, a violation of R.C. 2909.06 and a misdemeanor of the second degree. On October 6, 2000, appellant entered a no contest plea to the charge. He was sentenced to thirty days in jail. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT ERRED BY NOT DISMISSING THE COMPLAINT BASED ON THE COMPLAINT NOT STATING A CRIMINAL OFFENSE.
 II. THE TRIAL COURT DID NOT HAVE JURISDICTION TO TRY THE DEFENDANT WHEN THE COMPLAINT IS VOIDED PURSUANT TO R.C. 2941.401.
In his first assignment of error, appellant contends that the complaint should have been dismissed because the word "knowingly" was not included in the description of the offense charged.
R.C. 2909.06 states:
 "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
"(1) Knowingly, by any means;
 "(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance."
The complaint against appellant read as follows:
 "The complaint being duly sworn states that the above named defendant, on or about the 15th day of January 2000, did unlawfully: cause or create a substantial risk of harm to the property of another without the other person's consent; To wit — That Terry Dickerson smashed two windows of the 1995 GM astro (Chevy) van owned by the complainant, Patricia Johnson, of 4216 Bogart Rd."
Crim.R. 3 states:
 "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."
The Eighth District Court of Appeals reviewed this same issue inCleveland v. Bacsa (Oct. 29 1998), Cuyahoga App. no. 73519, unreported. The court stated:
 "The omission of the word "knowingly" from the complaint does not render it constitutionally detective [sic] as defendant-appellant contends since the "knowingly" is not part of the description of the criminal act contained in section (a) of the ordinance. It may reasonably be inferred from the phraseology of the complaint that defendant-appellant was informed of the nature and cause of the charges against him and was in no way prejudiced by the complaint."
The complaint in this case satisfies the requirements of Crim. R. 3. It states the essential facts of the offense, the numerical designation and it is in writing sworn out by the victim before a notary. Based on these facts and in accordance with the reasoning of the Bacsa court, we find appellant's first assignment of error not well-taken.
In his second assignment of error, appellant contends the court was without jurisdiction to hear his case in that the complaint was void pursuant to R.C. 2941.401.
R.C. 2941.401 states:
"Prisoner may request trial on pending charges.
 "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested. The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof. Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.
 "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice. This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death."
Appellant was incarcerated on an unrelated charge the day he was first scheduled to appear for the criminal damaging charge. On March 2, 2000, appellant sent written notice of the place of his imprisonment and a request for a final disposition to the Erie County Court, Milan, Ohio.
In order to invoke the terms of R.C. 2941.401, an incarcerated defendant must first show that written notice was delivered to both the prosecuting attorney and the appropriate court, stating his or her place of imprisonment and a request that there be a final disposition made of the case. State v. McGowan (June 21, 2000), Summit App. No. 19989, unreported, citing State v. Turner (1982), 4 Ohio App.3d 305, 306. Thereafter, the state has one hundred eighty days in which to bring that defendant to trial. Id. However, if that defendant fails to serve written notice on both the appropriate prosecuting attorney and the appropriate court, the state's duty under R.C. 2941.401 has not been triggered. Id; see, also, State v. Grinnell (1996), 112 Ohio App.3d 124, 132-133, appeal not allowed by 77 Ohio St.3d 1474.
In the present case, there is no evidence that appellant served the prosecuting attorney. Accordingly, appellant cannot avail himself of the speedy trial safeguards found in R.C. 2941.401 and his second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court, Milan, Ohio, is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Peter M. Handwork, J. and Mark L. Pietrykowski, P.J. CONCUR.