DECISION AND JUDGMENT ENTRY
Kevin M. Cox appeals his conviction by the Jackson Municipal Court for unauthorized use of property. He argues that he was denied his right to a speedy trial. Because we conclude that Cox, who had actual knowledge of the charge against him, did not fulfill his duty pursuant to R.C. 2941.401
to trigger the speedy trial time by making a request for final disposition of the untried complaint, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
In May 2000, an employee of Rent-to-Own filed a complaint accusing Cox of failing to return rented furniture after receiving a notice to return it. The clerk of courts issued a warrant for Cox. According to an arrest report, the Jackson Police Department arrested Cox on June 30, 2000 on several charges, including a Felony Warrant from Fairfield County.
On July 3, 2000, Cox appeared in court and the trial court released him on a recognizance bond for the unauthorized use of property charge. The court also appointed Cox an attorney and instructed Cox to contact him. This attorney filed a written waiver of the ninety-day speedy trial requirement of R.C. 2945.71 and entered a not guilty plea on Cox's behalf.
Cox was extradited to Fairfield County to answer the felony charges, where he was held in the custody of Fairfield County Sheriff's Department for eighty-one days. Upon conviction, Cox was transferred to Orient to serve his sentence. The parties have agreed that Jackson County authorities did not place a detainer or notification of detainer regarding this case in his file at Orient.
On August 17, 2000, the trial court continued this case in order for Cox to meet with his counsel. The trial court twice assigned the case for pre-trial. On January 18, 2001, the trial court assigned the case for a jury trial on March 23, 2001.
On February 26, 2001, Cox moved to dismiss the case due to speedy trial violations. On that same day, the trial court overruled the motion, finding that Cox failed to comply with R.C. 2941.401.
In March 2001, Cox filed a pro se motion to dismiss the charge due to speedy trial violations. Cox attached two documents to this motion. The first document was a copy of a letter from Leslie Payton, Records Supervisor of the Southeastern Correctional Institution, to the Jackson County Clerk of Courts. This letter provided:
"Dear Sir:
 "The Record Office has been informed by the above inmate that there may be outstanding charges pending in your jurisdiction.
 "Please send us a certified warrant so that we may assist you in placing a valid detainer. Inmate Cox has expressed an interest in disposing of these charges while incarcerated and will be offered the opportunity to file for a Quick and Speedy Trial under the Interstate Agreement if the charges are for an untried indictment.
 "VITALS: [unrelated case number]/CRB0000957[trial court's case number]"
The second document was a copy of a note from an employee of the Records Department to Cox stating that on January 18, 2001, they received a letter from the Jackson County Sheriff stating "they show no current warrants pending for Kevin Cox." The trial court overruled Cox's motion.
On March 19, 2001, Cox pled no contest to a violation of R.C. 2913.72. The trial court found Cox guilty and sentenced him to thirty days in jail to be served concurrent to the sentence he was currently serving.
Cox appeals and asserts the following assignment of error:
 "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS AND ENTRY OF EXCEPTIONS TO THE RECORD DUE TO A DENIAL OF SPEEDY TRIAL PURSUANT TO [R.C.] 2941.401 FILED ON MARCH 7, 2001."
 II.
In his only assignment of error, Cox concedes that R.C. 2941.401, the speedy trial provision for incarcerated defendants, normally does not begin speedy trial time calculation until the incarcerated defendant sends a request to the prosecutor and the court. However, he asserts that when the warden of the institution where the defendant is incarcerated breaches the duty to inform the incarcerated defendant of the pending charges, the speedy trial time begins to run at the first "triggering" event. Cox concludes that the "triggering" event here is the arraignment date; therefore, the trial court should have granted his motion to dismiss because he was not brought to trial within one hundred and eighty days from his arraignment date.
We review speedy trial issues as a mixed question of fact and law.State v. Davis (June 4, 1997), Ross App. No. 96CA2181, unreported. We accept the facts found by the trial court on some competent, credible evidence, but freely review application of the law to the facts. Statev. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136, unreported. When a defendant is incarcerated on other charges, as Cox was in this case, R.C. 2941.401 prevails over the general speedy trial statutes of R.C.2945.71 et seq., governing the time within which the defendant must be brought to trial. State v. Davis, citing State v. Hill (Dec. 30, 1996), Meigs App. No. 96CA4, unreported.
R.C. 2941.401 provides:
 "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
"* * *
 "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
We rejected an argument identical to Cox's in State v. Davis, supra, when we wrote:
 "Under [R.C. 2941.401], the speedy trial time does not begin to run until the incarcerated defendant sends a request to the prosecuting attorney and the trial court for final disposition of the untried indictment. State v. Logan (1991), 71 Ohio App.3d 292, 296, citing State v. Turner (1982), 4 Ohio App.3d 305. * * * [W]here the warden is aware of the charges against the prisoner, he has a duty to promptly inform the prisoner of the pending charges. R.C. 2941.401; Hill, supra. Appellant argues that since he was not informed by the warden of his pending charges and his right to demand a speedy disposition, he should have been brought to trial within one hundred eighty days of the service of his indictment. Where the warden fails to inform the prisoner, the state cannot rely upon the defendant's failure to make a demand for speedy disposition, but must start the one hundred eighty day time period from the day of the indictment. State v. Fitch (1987), 37 Ohio App.3d 159. However, where the defendant is fully aware of the charges pending against him, the fact that he was not notified by the warden does not excuse his duty to trigger the running of his speedy trial rights under R.C. 2941.401." State v. Terrell (Dec. 6, 1990), Mahoning App. No. 90CA44, unreported.
We relied on the following language of Terrell:
 "We find a material difference in the facts between the Fitch case and the case at hand. In the Fitch
case, the warden or superintendent, having custody of the appellant, knew about the pending indictment against the appellant. In the case at hand, there is no evidence that the warden or superintendent, having custody of the appellant, had any knowledge of the untried indictment against the appellant other than for the entry filed by the trial judge, on December 7, 1989, commanding the removal of the appellant from the Warren Correctional Institution. We find that the holding in Fitch is totally inapplicable to the case at hand. We further hold that, pursuant to R.C. 2941.401, this appellant, being fully aware of the indictment pending against him, was required to deliver to the prosecuting attorney and the appropriate court in Mahoning County written notice of the place of his imprisonment and a request for final disposition." Davis, supra.
Here, the parties agreed that the warden at Orient did not inform Cox of the instant case. However, the record affirmatively shows that Cox had actual knowledge of the instant case. He was personally served with the complaint and arraigned on the charge. Upon our review of these facts, we conclude that because Cox had actual knowledge of the charge against him, he had a duty pursuant to R.C. 2941.401 to trigger the speedy trial time by making a request for final disposition of the untried complaint. He made no request or inquiry to the prosecutor or trial court until he moved for dismissal. When the prisoner has actual knowledge of the pending charges, this duty to make some type of request exists regardless of whether or not the warden notifies the prisoner of the pending charges against him. See, Davis; Terrell; Hill. See, also, State v. Ross (Feb. 17, 1993), Jackson App. No. 689, unreported. Because Cox failed to properly trigger the running of his speedy trial time, the trial court did not err in denying his motion to dismiss for failure to bring him to trial within the time provided in R.C. 2941.401. Davis. Accordingly, we overrule Cox's only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.