OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio ("appellant"), appeals from the entry of the Franklin County Court of Common Pleas, granting the motion of defendant-appellee, Rarecole Brown ("appellee"), to dismiss for lack of jurisdiction based upon a speedy trial violation pursuant to R.C. 2941.401.
 {¶ 2} Appellee was admitted to the Corrections Reception Center in December 2003 to serve a sentence imposed in Licking County, Ohio. In January 2004, appellee was transferred to the Southeastern Correctional Institute in Lancaster, Ohio. In March of that same year, appellee was notified by the warden's office that he had two outstanding *Page 2 
charges in Franklin County, Ohio, one for felonious assault, and one for aggravated robbery.
 {¶ 3} Appellee completed paperwork indicating his desire for the disposition of any untried matter within 180 days pursuant to R.C.2941.401. As is required, the warden transmitted the paperwork to the Franklin County Prosecutor and the Franklin County Court of Common Pleas clerk. It is undisputed that the documents were received by the Franklin County Prosecutor's Office and the Franklin County Clerk of Courts Office in March 2004. For reasons not known and not relevant, appellant took no action regarding either case until appellee was released from prison in July 2006, and he was indicted in both the felonious assault and aggravated robbery cases.
 {¶ 4} Appellee filed a motion to dismiss both cases pursuant to R.C.2941.401. The trial court held a hearing on November 15, 2006, wherein appellant conceded that R.C. 2941.401 was triggered as to the felonious assault charge and that time had lapsed. However, appellant argued that the aggravated robbery charge was still valid and should not be dismissed because the paperwork completed by appellee pertained only to the felonious assault charge and not the aggravated robbery charge.
 {¶ 5} According to appellee, the warden informed him of the outstanding charges, and appellee was asked if he "wanted to take care of them" while incarcerated. (Nov. 15, 2006 Tr. at 28.) Appellee testified that he answered in the affirmative and was presented with two documents to sign. Appellee believed the documents he was given to sign would take care of both charges. One of the documents is entitled "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints," ("Document 1"). Document 1 is dated March 2, 2004, and the felonious *Page 3 
assault charge is typed on the form. The second document is entitled "Notice of Untried Indictments, Information or Complaint and of Rights to Request Disposition," ("Document 2"). Document 2 is also dated March 2, 2004, and it too lists only the felonious assault charge. The felonious assault charge is typed onto both forms, presumably by the warden. However, under the section listing the felonious assault charge, there is a statement, "I DO make a request for early disposition of any untried indictment, information or complaint under section 2941.401." The box in front of the statement is checked and appellee's signature appears below the statement. Despite the aforementioned statement, because the felonious assault is the only charge typed onto the form, appellant contends R.C. 2941.401 was not triggered with respect to the aggravated robbery charge. At the conclusion of the hearing, the trial court granted appellee's motion and dismissed both charges. This appeal followed and appellant brings a single assignment of error for our review:
 THE TRIAL COURT ERRRED IN GRANTING DEFENDANT'S MOTION TO DISMISS BASED ON R.C. 2941.401 WHEN THE DEFENDANT FAILED TO CAUSE WRITTEN NOTICE TO BE DEVELIVERED REQUESTING FINAL DISPOSITION OF HIS AGGRAVATED ROBBERY CHARGE.
 {¶ 6} The Sixth Amendment of the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy * * * trial." Section 10, Article I, Ohio Constitution similarly guarantees a party accused to have "a speedy public trial." "Some of the reasons for these speedy trial provisions are that unreasonable delay between formal accusation and trial may produce harm such as oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and the loss of exculpatory evidence." *Page 4 
 State v. Robinson, Franklin App. No. 01AP-1005, 2002-Ohio-2090, citingDoggett v. United States (1992), 505 U.S. 647, 654, 112 S.Ct. 2686,2692.
 {¶ 7} Ohio's speedy trial statutes were implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I, Ohio Constitution. Id., citing Brecksville v. Cook (1996),75 Ohio St.3d 53, 55. If a defendant is incarcerated, R.C. 2941.401 governs the time within which the state must bring him to trial. R.C. 2941.401
provides:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against *Page 5 
him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
 Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.
 If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
 This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death.
 {¶ 8} In order for a defendant to avail himself of the speedy trial provisions in R.C. 2941.401, he must first show that he delivered written notice to both the prosecuting attorney and the appropriate court, stating his place of confinement and a request that there be a final disposition made of the case. State v. Turner (1982),4 Ohio App.3d 305. R.C. 2941.401 also requires that defendant give a written notice and request for final disposition to the warden of the institution where he is imprisoned. Once these procedural requirements are satisfied, the state is obligated to bring a defendant to trial within 180 days of the date a defendant files notice of his request for disposition of the untried indictment. State v. Logan (1991),71 Ohio App.3d 292, 296. If the state fails to comply with the 180-day restriction, the court loses jurisdiction and the indictment or complaint is void. R.C. 2941.401. The appropriate remedy is to dismiss the charges for lack of a speedy trial. State ex rel. Bowling v. Courtof Common Pleas (1970), 24 Ohio St.2d 158; State v. Fitch (1987),37 Ohio App.3d 159. *Page 6 
 {¶ 9} This court was faced with a fact pattern similar to that which appellant presents in State v. Judd (Sept. 19, 1996), Franklin App. No. 96APA03-330, discretionary appeal not allowed (1997),78 Ohio St.3d 1463. In Judd, the defendant had two indictments pending, one in case No. 95CR-01-54, and one in case No. 95CR-02-572. The defendant filed a pro se motion expressing his desire for the disposition of any untried indictments within 180 days pursuant to R.C. 2941.401. After 322 days elapsed, the defendant, through counsel, filed a motion to dismiss both charges. The prosecution agreed that the defendant had not been brought to trial within the 180 day time limit in case No. 95CR-01-54, the case number in which the defendant filed the motion, but argued no request had been filed in case No. 95CR-02-572, and therefore, the speedy trial request was not applicable to the same. The defendant argued the request he filed asserted his desire to be tried within 180 days on "all" indictments pending against him. Id. In rejecting the prosecution's argument that R.C. 2941.401 required the defendant to file a separate request in each case, this court stated:
 The state argues that the use of the singular words "the matter" and "the action" in R.C. 2941.401 demonstrates the General Assembly's intent to require a defendant to file a separate request for a final disposition to be made in each of the indictments pending against him. However, other language in the statute makes reference to "any untried indictment" pending against a prisoner. This language can reasonably be construed to indicate the General Assembly's intent to require a defendant to file only one request for speedy trial to cover all, or at least, more than one indictment pending against a defendant at the time the request is filed. Given that it is well-established that speedy trial statutes are to be strictly construed against the state, State v. Gray (1964), 1 Ohio St. 2d 21, this court is required to construe the ambiguous language contained in R.C. 2941.401 strictly against the state and in favor of defendant. Accordingly, this court finds that the R.C. 2941.401 speedy trial request filed by *Page 7 
defendant on March 30, 1995 applies to both indictments pending against him at the time he filed the request.
Id.; see, also, State v. Drowell (1991), 61 Ohio Misc.2d 623, wherein the Lorain County Court of Common Pleas stated, "although the defendant filed his motion in case No. 89CR-036904, the court finds that the motion applies to both of the pending criminal charges against the defendant," where the defendant filed a pro se motion for final disposition of any untried indictments pursuant to R.C. 2941.401 in only one of the two cases pending against him. Id. at 624.
 {¶ 10} Here, as in Judd, there is nothing to suggest appellee did not substantially comply with the procedural requirements of R.C. 2941.401, as the appellant's argument is based solely on the contention that appellee needed to file a separate R.C. 2941.401 request for the aggravated robbery charge. It is clear the documents signed by appellee express his request for disposition of any indictment, information or complaint against him within 180 days. Based on this court's holding inJudd, appellee's request for disposition of the charges against him within 180 days pursuant to R.C. 2941.401 would clearly pertain to both charges despite the fact that felonious assault was the only charge typed onto the forms. Since appellee's R.C. 2941.401 speedy trial request applied to both charges pending against him at the time he filed the request, appellant was obligated to bring him to trial within the statutorily prescribed time. Because, however, appellant failed to do so, the trial court had no jurisdiction over the charges and dismissal of said charges was proper. *Page 8 
 {¶ 11} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 SADLER, P.J., and KLATT, J., concur. *Page 1