OPINION
{¶ 1} Defendant-appellant Jay Salyers ("Salyers") brings this appeal from the judgment of the Court of Common Pleas of Marion County finding him guilty of two counts of illegal conveyance.
 {¶ 2} On March 4, 2004, Salyers was indicted on two counts of illegal conveyance. Salyers entered not guilty pleas to both charges on March 10, 2004. At the arraignment, Salyers requested time to retain an attorney. The attorney Salyers claimed would represent him never entered an appearance. On May 18, 2004, Salyers requested court appointed counsel. The trial court appointed Attorney Teresa Ballinger ("Ballinger") to represent Salyers on June 17, 2004. On June 22, 2004, a pretrial was held and was attended by Ballinger and Salyers. On June 30, 2004, Ballinger filed a request for a bill of particulars and a request for discovery. The State filed the bill of particulars on July 6, 2004. On September 1, 2004, a second pretrial was held and attended by Salyers and Ballinger.
 {¶ 3} On September 22, 2004, the trial court entered an order setting the trial date for December 9, 2004. On October 20, 2004, Salyers, acting pro se, filed a motion to dismiss the indictment claiming that the State had violated his right to a speedy trial. The motion was overruled on October 25, 2004. On October 29, 2004, Salyers, acting pro se, filed an addendum to his motion to dismiss. On November 8, 2004, Salyers, acting pro se, filed an appeal of the trial court's judgment concerning his motion to dismiss, a transcript of the dismissal hearing and a request for appointment of appellate counsel. This appeal was dismissed by the court of appeals for lack of jurisdiction on November 24, 2004. On November 9, 2004, Ballinger filed a motion to withdraw based upon Salyers' dissatisfaction with her services. Another pretrial conference was held on November 15, 2004, at which Salyers agreed not to file additional pro se motions. Ballinger then agreed to remain as counsel and her motion to withdraw was overruled.
 {¶ 4} On December 3, 2004, Salyers, again acting pro se, filed a motion to vacate/quash the indictment. Ballinger then filed a second motion to withdraw on December 6, 2004, citing Salyers pro se filing as cause for the withdrawal. On December 7, 2004, Salyers filed a petition for a writ of habeas corpus claiming 1) his attorney failed to file needed defensive motions; 2) his attorney refused to provide effective assistance; 3) his attorney failed to do her duty; 4) his attorney would not file motions he requested; 5) his attorney conspired with the State to violate his right to a speedy trial; and 6) that the State violated his right not to be placed in jeopardy twice. The trial court held a pretrial on December 7, 2004, at which the trial court granted Ballinger's motion to withdraw after warning Salyers that he would be representing himself. Salyers repeatedly stated that he did not wish to represent himself, but the trial court informed him that the trial would not be delayed and new counsel would not be appointed. The trial court released counsel from service and did not require counsel to appear at trial to serve as shadow counsel. The jury trial was held on December 9, 2004, as scheduled. On December 13, 2004, the jury found Salyers guilty as charged. The trial court then sentenced Salyers to four years in prison on each count to be served concurrent to each other, but consecutive to his prior sentence. Salyers appeals from this judgment and raises the following assignments of error.
The trial court erred to the prejudice of [Salyers] by denying himappointed counsel in violation of [the] Sixth Amendment to theUnited States Constitution, and Section 10, Article 1 of the OhioConstitution.
 The trial court erred to the prejudice of [Salyers] by denyinghis motion to dismiss and violating his right to a speedy trial.
 {¶ 5} Salyers claims in his first assignment of error that the trial court erred by denying him his right to counsel. Salyers never signed a written waiver of counsel and never consented to waive counsel. The trial court implied the waiver. When determining whether a valid waiver of a constitutional right exists, courts must indulge every reasonable presumption against the waiver. State v. Constable, 12th Dist. No. CA2003-12-107, 2005-Ohio-1239. A waiver of the right to counsel must appear in the record. State v. Dyer (1996), 117 Ohio App.3d 92,689 N.E.2d 1034. The State bears the burden of proving that any waiver was knowingly, voluntarily, and intelligently made. Id.
 {¶ 6} Although a waiver of counsel may be implied from the circumstances, the trial court still is required to inquire as to whether the defendant fully understands and relinquishes the right to counsel.State v. Glasure (1999), 132 Ohio App.3d 227, 724 N.E.2d 1165. This inquiry is required even though the defendant may be engaging in "delay tactics." Id. The failure to conduct this inquiry results in no valid waiver existing. Id.
 {¶ 7} Two days prior to trial, counsel for Salyers filed a motion to withdraw citing Salyers obvious disapproval of her representation. At the hearing, Salyers stated that he did not believe counsel was representing him zealously and that he would like new counsel. He repeatedly stated that he did not wish to proceed pro se. Salyers did not request that his attorney be terminated, instead he expressed dissatisfaction with her services. No inquiry was made as to whether Salyers fully understood the results of granting counsel's motion to withdraw. The trial court granted the motion to withdraw and informed Salyers that he would be representing himself. Salyers repeatedly stated that he needed counsel, but no provisions were made to even have counsel present at the trial to assist Salyers in his representation and to protect his rights. Contrary to the position of the State, this is not a situation where a defendant is terminating his attorney and choosing to represent himself. Here, counsel for Salyers requested permission to withdraw citing Salyers' dissatisfaction. Before the motion to withdraw was granted, certain precautions should have been taken to insure that Salyers' rights were protected.[1] Here, the motion to withdraw was filed three days prior to trial with the final pretrial the next day. No motion for a continuance was filed and no discovery was turned over to the client. The trial court instead had the State provide Salyers with copies of all discovery.
 {¶ 8} Additionally, the trial court never considered continuing the case. The trial court ordered that discovery materials be given to Salyers and that the trial would proceed in two days. Prior to trial, the case had never been continued. Although Salyers had filed numerous motions, none of those motions caused a delay of the trial. The trial court's sole reason for proceeding was "the public interest in having these cases expeditiously handled outweighs the Defendant's need for late replacement of counsel." Tr. 33. This court is unaware of any authority which would allow the public interest in an expeditious trial without more to outweigh a defendant's constitutional right to counsel. Given the fact that this was Salyers first attorney,[2] no prior continuances had been granted, and no inquiry was made to ensure that Salyers understood the consequences of proceeding pro se, the trial court erred in denying him new counsel when his first attorney chose to withdraw. The first assignment of error is sustained.
 {¶ 9} In the second assignment of error, Salyers claims the State violated his right to a speedy trial. A prisoner may request a trial on pending charges within 180 days. R.C. 2941.401. To do so, the prisoner must cause "to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made in the matter * * *." Id. The written request must be given to the warden who shall forward it with the appropriate certificate to the prosecuting attorney and court. Id. Once the request is properly made, the State must bring the prisoner to trial within 180 days of the request. Absent such a request, the defendant must be brought to trial within 270 days of the arrest. R.C. 2945.71
 {¶ 10} At no time did the State or the trial court receive the appropriate notice that Salyers wished to be tried within 180 days, so R.C. 2941.401 does not apply to this case. This means that the State had 270 days from the date of arrest to bring Salyers to trial. Since Salyers was not arrested because he was already incarcerated for a prior conviction, the time began to run from the date of indictment. State v.Grinnell (1996), 112 Ohio App.3d 124, 678 N.E.2d 231. Salyers was indicted on March 4, 2004, so he should have been brought to trial by November 29, 2004. However, at the arraignment on March 10, 2004, Salyers stated that he needed time to procure counsel. At the May 18, 2004, pretrial, Salyers notified the court that he was unable to employ counsel and filed an affidavit of indigency. Trial counsel was appointed on June 17, 2004. The time limits for speedy trial calculations are tolled by any period of delay necessitated by the defendant's lack of counsel. R.C.2945.72. Thus, the 30 days between May 18, 2004, and June 17, 2004, are tolled. On June 30, 2004, Salyers asked for a bill of particulars, which was provided on July 6, 2004. A motion for a bill of particulars also tolls the time for speedy trial calculations. Grinnell, supra. Therefore, an additional six days of time is added to the speedy trial calculations.
 {¶ 11} Here, Salyers was indicted on March 4, 2004, and tried on December 9, 2004, 280 days after the indictment.[3] A period of 36 days was tolled prior to the setting of the trial date. The result of this tolling is that the state had 306 days to bring Salyers to trial. Therefore, the State did not violate Salyer's right to a speedy trial and the second assignment of error is overruled.
 {¶ 12} The judgment of the Court of Common Pleas of Marion County is affirmed in part and reversed in part. The matter is remanded for further proceedings.
Judgment affirmed in part and reversed in part and cause remanded.
 Cupp, P.J., and Shaw, J., concur.
[1] "A lawyer should not withdraw without considering carefully and endeavoring to minimize the possible adverse effect on the rights of his client and the possibility of prejudice to his client as a result of his withdrawal. Even when he justifiably withdraws, a lawyer should protect the welfare of his client by giving due notice of his withdrawal, suggesting employment of other counsel, delivering to the client all papers and property to which the client is entitled, cooperating with counsel subsequently employed, and otherwise endeavoring to minimize the possibility of harm." EC 2-31.
[2] Although Salyers stated at his arraignment that he would be retaining counsel and named an attorney, he was unable to do so and was unrepresented until counsel was appointed in June.
[3] This court is concerned that the trial date was not even scheduled until 202 days after the indictment and was then initially scheduled more than 270 days after the indictment without explanation. This is not a practice that should be encouraged.