OPINION *Page 2 
{¶ 1} Defendant-appellant Steven Cepec appeals his conviction on one count of possession of a deadly weapon while under detention following a bench trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND THE CASE {¶ 2} On April 6, 2005, appellant was incarcerated at the Richland Correctional Institution. On such date, Corrections Officer (CO) John Thompson was working as yard officer in charge of yard three. When Thompson started his shift at 2:00 p.m. he conducted a thorough search of the yard, making sure that the yard and buildings were secure. At approximately 2:30, Thompson observed appellant walking quickly from the release and discharge area of the prison, through the yard, and into a housing unit. A few minutes later appellant emerged from the housing unit wearing a state issued hooded jacket, which Thompson found odd since it was a warm April afternoon.
 {¶ 3} Thompson continued to observe appellant and became suspicious. He called for appellant to stop but appellant kept walking. Thompson walked after appellant and again ordered him to stop. Appellant complied and began to walk reluctantly back towards Thompson. As appellant approached Thompson, he shielded the left side of his body from Thompson's view. Appellant refused to stand squarely facing Thompson while Thompson attempted to pat appellant down. Appellant continued to hide the left side of his body, only allowing Thompson to search his right side. When Thompson attempted to pull the left side of the appellant's body toward him, appellant pulled away. Thompson observed a silver flash of something fly out of appellant's left sleeve. *Page 3 
 {¶ 4} Thompson escorted appellant to the wall nearby and turned him over to the custody of another CO. Thompson then hurried back to the area where he had the contact with appellant and found a metal shank. While other inmates were in the yard that afternoon, none were in the immediate area. The nearest inmates were approximately 15-20 feet away. Thompson placed the shank in his pocket and took it and appellant to the shift office. Thompson turned the shank over to a Lieutenant who placed it in the property vault. On April 12, 2005, Trooper Kevin Smith retrieved the shank and began an investigation into the incident.
 {¶ 5} As a result of the investigation, appellant was indicted on September 15, 2005, on one count of possession of a deadly weapon while under detention in violation of R.C. 2923.131(B), a felony of the fourth degree. An order to convey appellant to Richland County for arraignment was sent to Ross Correctional Institution, where appellant was incarcerated, on October 6, 2005. Appellant was personally served with the indictment and was arraigned on October 18, 2005.
 {¶ 6} Via a notice mailed to appellant on November 7, 2005, a jury trial was scheduled for June 12, 2006, and a final pretrial for May 2, 2006.
 {¶ 7} On June 6, 2006, appellant filed a motion to dismiss in which he argued that his rights under R.C. 2941.401 were violated because the warden had not notified him in writing of the untried indictment. The trial court conducted an oral hearing on the issue on June 28, 2006. The trial court denied the motion, finding that the warden's failure to notify the appellant of the pending charge did not trigger the running of the 180 day rule, as appellant had been personally served with the indictment and arraigned on the charge. *Page 4 
 {¶ 8} Appellant waived his right to a jury trial, and the case was tried to the bench on September 18, 2006. Appellant was found guilty and sentenced to a period of 8 months in prison.
 {¶ 9} Appellant now appeals, setting forth the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO DISMISS THE INDICTMENT IN COMPLIANCE WITH ORC § 2941.401.
 {¶ 11} "II. THE TRIAL COURT ERRED IN CONVICTING THE APPELLANT, AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTION."
 I {¶ 12} Appellant, in his first assignment of error, argues that the trial court erred in denying his motion to dismiss the indictment. Appellant specifically contends that, because he did not receive notice of his right to make request for final disposition of the pending indictment against him while he was incarcerated as required by R.C.2941.401, his speedy trial rights were violated. We disagree.
 {¶ 13} Section 2941.401 reads: "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall *Page 5 
be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 {¶ 14} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 15} "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof. . . .
 {¶ 16} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 17} The purpose of R.C. 2941.401 is to prevent the State of Ohio from delaying prosecution until after a defendant has been released from his or her prison term. See State v. Hairston, 101 Ohio St.3d 308,2004-Ohio-969, 804 N.E.2d 471 at paragraph 25. If the State were permitted to delay prosecution until after release, a defendant who, if he or she was prosecuted while still in prison on another offense might have received a concurrent sentence, would not have such an opportunity. *Page 6 
 {¶ 18} In the case sub judice, appellant specifically contends that his speedy trial rights were violated by the State's failure to afford him an opportunity to make a written request for a final disposition within 180 days pursuant to R.C. 2941.401. Appellant further contends that because he was not advised of his rights pursuant to R.C. 2941.401, the State's duty to advise him of his rights was triggered on the date of his arraignment on October 18, 2005. See State v. Nero (April 4, 1990), Athens App. No. 1392, 1990 WL 42269. Appellant notes that he was not brought to trial within 180 days of such date.
 {¶ 19} In the case sub judice, there is no dispute that appellant did not receive notice from the warden of Ross Correctional Institution of the pending charge against him pursuant to R.C. 2941.401. However, it is clear from the record that appellant received the indictment shortly after he was indicted. Appellant was indicted in the case sub judice on September 15, 2005. An Order to Convey appellant from the Ross Correctional Institution to the Richland County Court of Common Pleas for purposes of arraignment was filed on October 6, 2005. Appellant was then arraigned on October 18, 2005, a little over a month after he was indicted. At such time, appellant was personally served with the indictment. Thus, appellant had the indictment on October 18, 2005, even though the warden did not provide notice to him. The fact that the appellant was not notified by the warden does not excuse appellee's duty to trigger the running of his speedy trial rights under R.C. 2941.401 by making a written request for final disposition at such time. Appellant, however, did not make such a request until he filed his motion to dismiss. *Page 7 
 {¶ 20} While appellant cites to State v. Fitch, (1987),37 Ohio App.3d 159, 524 N.E.2d 912, in support of his argument, we find that such case is distinguishable. The appellant, in Fitch, was incarcerated in a state correctional institution from June 8, 1984 until March 22, 1985. The appellant was indicted by the Coshocton County Grand Jury on October 31, 1984. The Coshocton County Sheriff's Department sent the warrant on the indictment to the Lebanon Correctional Institute on November 1, 1984, and the institution acknowledged receipt of the warrant on November 21, 1984. On March 1, 1985, the institution in which appellant was incarcerated acknowledged receipt of a letter from the Coshocton County Sheriff stating that the appellant would be taken into custody upon his release. The appellant received a copy of this letter. The "return of executed warrant" shows that the warrant was executed on March 22, 1985. The appellant was released on the same day and he was immediately arrested and taken into custody by the Coshocton County Sheriff. The appellant was then arraigned on April 2, 1985. After the trial court denied his motion to dismiss the entire indictment against him for violation of his speedy trial rights under R.C. 2941.401, the appellant appealed.
 {¶ 21} This Court, in Fitch, stated, in relevant part, as follows in reversing the judgment of the trial court:
 {¶ 22} "Although the appellant did receive a copy of a letter wherein the institution in which he was incarcerated acknowledged receipt of a letter from the Coshocton County Sheriff's Department stating that appellant would be taken into custody upon his release, the record is clear that appellant did not receive notice of his *Page 8 
specific right under R.C. 2941.401 `to make a request for final disposition' of the pending indictment.
 {¶ 23} "The state legislature, in its wisdom, has elected to obligate the state to notify the accused of his right to make a demand for speedy disposition of pending indictments as well as the fact of such indictments. It would nullify the entire purpose of the statute if failure to give notice of the right would operate to relieve the state of its legal burden to try cases within rule.
 {¶ 24} "Absent such specific advice, the state cannot rely upon the prisoner's failure to make demand for speedy disposition but must count the time as having commenced upon the first triggering of the state's duty to give notice of the right to make demand for speedy disposition.State v. Floyd (Oct. 25, 1979), Cuyahoga App. No. 39929, unreported;State v. Carter (June 30, 1981), Franklin App. No. 80AP-434, unreported. Appellant pursued the proper remedy at law to enforce his statutory rights by filing a motion to dismiss the charge for denial of a speedy trial. State, ex rel. Bowling, v. Court of Common Pleas (1970),24 Ohio St.2d 158, 53 O.O.2d 355, 265 N.E.2d 296." Id. at 162.
 {¶ 25} As is stated above, in contrast to the appellant inFitch, appellant in the case sub judice received a copy of the indictment shortly after he was indicted. The appellant inFitch was indicted on October 31, 1984, but was not arraigned until April 2, 1985. In the case sub judice, while the indictment was filed on September 15, 2005, appellant was arraigned on October 18, 2005, and received a copy of the indictment at such time. We concur with the trial court that, because appellant did not invoke his right to a speedy trial pursuant to R.C. 2941.401 by filing a notice of his request for *Page 9 
disposition of the untried indictment, the State was not required to try him within 180 days of his indictment. Appellant's speedy trial rights were, therefore, not violated.
 {¶ 26} In so ruling, we are aware that the Ohio Supreme Court, inState v. Dillon, 114 Ohio St.3d 154, 2007-Ohio-3617, 870 N.E.2d 1149, recently held that an inmate's awareness of new charges in a pending indictment and of his right to request trial on such charges does not satisfy the notification requirements of R.C. 2941.401 and that an inmate must be notified in writing of the indictment's source and contents and of his right to request final disposition. We, however, find that such case is distinguishable.
 {¶ 27} In Dillon, the appellee was indicted in Delaware County on November 21, 2003, on charges of robbery, burglary and breaking and entering. A warrant upon the indictment was requested on the same day and was later issued.
 {¶ 28} On December 4, 2003, two detectives interviewed the appellee at the Franklin County Jail, where he was incarcerated on unrelated charges. However, the appellee was not served with a copy of the indictment.
 {¶ 29} Thereafter, on January 28, 2004, a detective and assistant prosecuting attorney met the appellee at the jail and advised him of the pending indictment and that he needed to file a request with the Prosecutor's Office to trigger the 180 day time period for trial. The appellee was not served with a copy of the indictment.
 {¶ 30} In Dillon, the appellee, on January 28, 2004, was transferred from jail to the Ohio Corrections Reception Center in Orient, Ohio. A copy of the warrant on indictment was sent to the center on January 29, 2004, and also was faxed to the center. However, the appellee was not served with a copy of the indictment while at the center. Nor was the appellee served while he was at Pickaway Correctional Institution, *Page 10 
where he had been transferred in February or March of 2004. On April 9, 2004, the appellee signed a wanted detainer form stating that he was wanted by the Delaware County Sheriff upon his release. The appellee, inDillon, was not served with a copy of the warrant and indictment until August 13, 2004.
 {¶ 31} After his motion to dismiss based on speedy trial grounds was denied, the appellee, in Dillon appealed. On appeal, this Court found that Dillon's speedy trial rights had been violated. The State then appealed. In affirming the decision of this Court, the Ohio Supreme Court, in Dillon, stated in relevant part, as follows:
 {¶ 32} "The state argues that Dillon had the duty under R.C. 2941.401
to request disposition of his charges within 180 days because he had received notice of the Delaware County indictment on two occasions. The state asserts that the first notice occurred on January 28, 2004, when the Delaware County assistant prosecutor advised Dillon that there was a pending indictment and that he had a duty to demand trial within 180 days. The second notice occurred on April 9, 2004, when Dillon signed a detainer notifying him that he was wanted by the Delaware County sheriff upon his release.
 {¶ 33} "Although Dillon was aware of pending charges in Delaware County, he did not receive a copy of the indictment or written notice of his specific right under R.C. 2941.401 `to make a request for final disposition' of the pending indictment. Oral notification does not satisfy the statutory mandate that Dillon receive written notice. Dillon's acknowledgement of the detainer does not meet the statutory requirement because the detainer did not provide notice of the contents of the indictment or of Dillon's right to request speedy disposition of the pending charges. We reject the state's argument that oral notification to Dillon of the pending charges and Dillon's receipt of the *Page 11 
detainer triggered his responsibility to demand trial within 180 days." Id at paragraphs 19-20.
 {¶ 34} However, as is stated above, we find Dillon to be distinguishable. In contrast to Dillon, appellant in the case sub judice was actually incarcerated when he committed the offense of possession of a deadly weapon while under detention. Moreover, appellant was indicted on September 15, 2005, and received a copy of the indictment at his arraignment on October 18, 2005. Thus, appellant, who was represented by counsel at his arraignment, had the indictment in hand on October 18, 2005. Via a notice sent to appellant on November 7, 2006, a trial date was scheduled for June 12, 2006. This is, in contrast toDillon, supra, not a situation involving a delay in prosecution. Furthermore, it would have been a vain act to require the warden to notify appellant "in writing of the source and contents of any untried indictment" when appellant actually had the indictment shortly after it was issued.
 {¶ 35} The other concern is that appellant was not informed in writing by the warden of his rights to make a request for final disposition of the charge. But this also seems to be unnecessary in this case because the case was being processed toward final disposition and appellant had the right to request to be tried within 180 days of his notice to the prosecuting attorney and the court if he chose to do so. The statute only requires that a person be informed in writing of his right to make a request for final disposition. It does not require that he be informed of his right to a speedy disposition or of a disposition within 180 days.
 {¶ 36} Appellant's first assignment of error is, therefore, overruled. *Page 12 
 II {¶ 37} Appellant argues, in his second assignment of error, that his conviction for possession of a deadly weapon while under detention was not supported by sufficient evidence. We disagree.
 {¶ 38} The Ohio Supreme Court recently spoke on the issue of sufficiency in the case of State v. Conway, 109 Ohio St.3d 412,2006-Ohio-2815, 848 N.E.2d 810:
 {¶ 39} "In reviewing a record for sufficiency `[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus . . . The weight to be given the evidence and the credibility of witnesses are primarily jury issues. State v. Waddy (1992),63 Ohio St.3d 424, 430, 588 N.E.2d 819; State v. DeHass (1967),10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212." Conway at paragraph 42.
 {¶ 40} Appellant, in the case sub judice, was indicted for one count of possession of a deadly weapon while under detention in violation of R.C. 2923.131(B). Such section states that "[n]o person under detention at a detention facility shall possess a deadly weapon."
 {¶ 41} Appellant, who was under detention, argues that there were other inmates 15-20 feet away, and that the shank could have belonged to one of them. He further argues that no fingerprints were found on the shank and that the evidence that the item was a weapon was insufficient, as a piece of metal of this type could be used for several purposes and not necessarily or even primarily as a weapon. *Page 13 
 {¶ 42} As is stated above, Corrections Officer Thompson conducted a search of the yard for contraband at 2:00 p.m. and found none. Thompson noticed appellant's movements and thought them suspicious. When Thompson attempted to search appellant, who suspiciously was wearing a hooded jacket on a warm April day, appellant tried to shield his left side. When Thompson tried to search appellant's left side, appellant was non-compliant. Thompson then reached out and attempted to pull the left side of appellant's body towards Thompson and appellant jerked away and jerked his arm back. Thompson testified that when appellant jerked away, Thompson observed something silver fly out of his sleeve. A metal shank was discovered near where the scuffle with appellant had taken place. No other inmates were in the immediate area where the shank was found.
 {¶ 43} At trial, Thompson testified that homemade weapons such as knives are capable of inflicting serious physical harm or death. He further testified that the shank could have killed someone and that, to his knowledge, shanks are only used as weapons and serve no other purpose.
 {¶ 44} We find that the evidence, when construed in a light most favorable to the prosecution, established beyond a reasonable doubt that appellant was guilty of the offense of possession of a deadly weapon while under detention.
 {¶ 45} We find, therefore, that appellant's conviction is supported by sufficient evidence. *Page 14 
 {¶ 46} Accordingly, appellant's second assignment of error is overruled. {¶ 47} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
 Edwards, J. Gwin, P.J. and Delaney, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1