OPINION *Page 2 
{¶ 1} Defendant-appellant, Gregory Eugene Schmuck (hereinafter "Schmuck"), appeals the Hardin County Court of Common Pleas decision denying his motion to dismiss criminal charges. For the reasons that follow, we affirm.
 {¶ 2} On September 10, 2007, the Hardin County Grand Jury indicted Schmuck on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony. (Doc. No. 1). At the time of the indictment, Schmuck was serving a term of incarceration in the North Central Correctional Institution in Marion, Ohio, so a warrant to convey Schmuck for arraignment was issued. (Doc. Nos. 2-5). Schmuck was arrested and personally served with a copy of the indictment on October 12, 2007. (Doc. No. 6). On October 15, 2007, Schmuck was arraigned, tendered pleas of not guilty, appointed Attorney Grzybowski, and a jury trial was scheduled for February 5, 2008. (Doc. Nos. 8, 9, 13).
 {¶ 3} On October 17, 2007, Schmuck, through counsel, filed a motion for discovery and motion for a bill of particulars, which items were provided by the State on October 24, 2007. (Doc. Nos. 11, 12, 14, 17). On January 30, 2008, just six days prior to the start of trial, Schmuck filed a motion for continuance, which the trial court granted on February 4, 2008, and the jury trial was rescheduled for May 1, 2008. (Doc. Nos. 21, 22, 25). *Page 3 
 {¶ 4} However, on May 1, 2008, the day of the rescheduled jury trial, Attorney Grzybowski was allowed to withdraw as counsel because of a breakdown in communication with Schmuck. (Doc. Nos. 36, 37). As a result, the trial court rescheduled the jury trial to June 24, 2008, appointed new counsel, and charged all time against Schmuck. (Doc. No. 36, 38).
 {¶ 5} On May 28, 2008, Schmuck's new appointed counsel, Howard A. Elliot, filed a discovery request and a motion for a bill of particulars, which were filed by the State on May 29, 2008. (Doc. Nos. 41, 42, 46). Thereafter, on June 18, 2008, Schmuck, through counsel, filed a motion for continuance of the jury trial, which the trial court granted and rescheduled for July 15-16, 2008. (Doc. Nos. 48-50).
 {¶ 6} On July 14, 2008, one day before trial, Schmuck, acting pro-se and contrary to the advice of counsel, filed a motion to dismiss the indictment alleging that the State had failed to prosecute within the two hundred seventy (270) days provided under R.C. 2945.71(C)(2). Prior to commencing the trial on July 15, 2007, the trial court heard arguments on the motion but overruled it finding that the State had complied with the speedy trial time limitations because Schmuck's actions had tolled time. (Jul. 15-16, 2008 Tr. at 2-7).
 {¶ 7} On July 16, 2007, Schmuck was found guilty by a jury of his peers. The following day, the trial court issued its judgment entry of conviction and sentence, sentencing Schmuck to three (3) years imprisonment, which was to be *Page 4 
served consecutively to Schmuck's sentence in Hardin County case no. 2006 2116CRI. (Doc. No. 63).
 {¶ 8} On August 15, 2008, Schmuck filed an appeal to this Court alleging one assignment of error. (Doc. No. 67).
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENDANT'S MOTION FOR DISMISSAL OF THE INDICTMENT BASED UPON THE VIOLATION OF DEFENDANT'S RIGHT TO A SPEEDY TRIAL.
 {¶ 9} In his sole assignment of error, Schmuck argues that the trial court erred by denying his motion to dismiss the indictment based upon his right to a speedy trial found in R.C. 2941.401. Schmuck argues that the State failed to provide him with written notice of the untried indictment and notice of his right to make a request for final disposition of the matter. Schmuck further argues that R.C. 2941.401's 180-day time limitation began to run September 13, 2007, three days after the indictment was filed. Schmuck also argues that the two continuances should not toll time against him because the continuance requests "fail[ed] to meet the unambiguous meaning of ORC 2941.401." Under these circumstances, Schmuck argues that the State failed to prosecute him within the 180-day time limitation.
 {¶ 10} The State, on the other hand, argues that Schmuck has waived any argument pursuant to R.C. 2941.401, because his motion before the trial court *Page 5 
failed to raise this issue. The State points out that Schmuck argued in his motion to dismiss that the State failed to comply with R.C. 2945.71(C)(2)'s 270-day limitation, not R.C. 2941.401's 180-day limitation. The State argues that 270 days from the indictment (Sept. 10, 2007) was June 6, 2008; however, seventy two (72) days were tolled against Schmuck, which extends the time for trial to August 17, 2008 (i.e. 342 days from indictment). Since Schmuck was tried on July 15, 2008 and convicted on July 16, 2008, the State argues that it complied with the 270-day time limitation with the applicable tolled time. We agree with the State that the trial court did not err in denying Schmuck's motion to dismiss.
 {¶ 11} Both the U.S. Constitution and the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. Sixth Amendment to the U.S. Constitution; Section 10, Article 1, Ohio Constitution. State v.Baker (1997), 78 Ohio St.3d 108, 110, 676 N.E.2d 883. The states are free to prescribe a reasonable period of time to meet these constitutional mandates. Id., citing Barker v. Wingo (1972)407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.E.2d 101. To that end, R.C. 2941.401
provides, in pertinent part:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except *Page 6 that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.
 * * *
 The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 12} Absent a written request by the defendant as prescribed under R.C. 2941.401, the two hundred seventy (270) day time limitation in R.C. 2945.71 applies. State v. Salyers, 3d Dist. No. 9-05-04, 2005-Ohio-5037, ¶¶ 9-10. "[T]he Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state." State v.Steinke, 158 Ohio App.3d 241, 2004-Ohio-1201, 841 N.E.2d 1230, ¶ 5, citing State v. Singer (1977) 50 Ohio St.2d 103, 361 N.E.2d 1216.
 {¶ 13} An Appellate Court's review of a speedy trial claim is a mixed question of law and fact. State v. Masters, 172 Ohio App.3d 666,2007-Ohio-4229, 876 N.E.2d 1007, ¶ 11, citing State v. High (2001),143 Ohio App.3d 232, 242, 757 N.E.2d 1176. Accordingly, we must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. Id. *Page 7 
 {¶ 14} Schmuck asserts that the State violated his speedy trial rights under R.C. 2941.401. This argument lacks merit for two reasons. First, Schmuck has failed to preserve this issue for appeal. In his pro-se motion to dismiss Schmuck argued that "* * * pursuant to the fast and speedy trial act he was entitled to a trial within 270 days." (Doc. No. 58 at 2). Schmuck's motion to dismiss is captioned with "OHIO REVISED CODE SECTION 2945.71-73," and neither R.C. 2941.401 nor its 180-day requirement is ever mentioned in the motion. (Doc. No. 58). Now, for the first time on appeal, Schmuck asserts that the State violated his speedy trial rights under R.C. 2941.401. In fact, Schmuck admits that the wrong statute was cited in his motion to dismiss. (Appellant's Brief at v).
 {¶ 15} A defendant's failure to file a motion to dismiss alleging speedy trial grounds waives the issue for purposes of appeal. State v.Harrison, 12th Dist. No. CA2006-08-028, 2007-Ohio-7078, ¶ 21, citingState v. Grant, 12th Dist. No. CA2003-05-114, 2004-Ohio-2810, ¶ 9, citing Crim. R. 12(H). Likewise, Crim. R. 12(H) provides, in applicable part, that the "[f]ailure by the defendant to raise defenses or objections that must be raised prior to trial * * * shall constitute a waiver of the defenses or objections * * *." Since Schmuck failed to allege any violation of his speedy trial rights under R.C. 2941.401 in his motion to dismiss before the trial court, this defense has been waived for appeal purposes.
 {¶ 16} Second, even if Schmuck had raised R.C. 2941.401's 180-day limitation in his motion to dismiss, he was not entitled to its shortened time *Page 8 
limitation because he failed to make a written request under the statute. For this reason, R.C. 2941.401 has no application in this case and R.C. 2945.71's 270-day time limitation applies. Salyers,2005-Ohio-5037, at ¶¶ 9-10.
 {¶ 17} We also reject Schmuck's assertion that he was not provided proper notice of the charges against him along with notice of his right to request final disposition under R.C. 2941.401. As a corollary to this assertion, Schmuck contends that R.C. 2941.401's 180-day time limitation commenced on September 13, 2007. In support of his position, Schmuck relies upon State v. Fitch (1987), 37 Ohio App.3d 159, 524 N.E.2d 912
and State v. Dillon, 114 Ohio St.3d 154, 2007-Ohio-3617,870 N.E.2d 1149. We find this case distinguishable from those that Schmuck cites.
 {¶ 18} The defendant in Fitch was indicted on October 31, 1984.37 Ohio App.3d at 160. On November 1, 1984, the Coshocton County Sheriff's Office sent the warrant for defendant's arrest to the Lebanon Correctional Institute ("LCI"). Id. Arraignment was scheduled for November 5, 1984, but appellant was not produced and a $10,000 bond was set by the court. Id. On November 21, 1984, LCI acknowledged receipt of defendant's arrest warrant. Id. On March 1, 1985, the institution where defendant was incarcerated acknowledged receipt of a letter from the county sheriff stating that defendant would be taken into custody upon his release. Id. Defendant was provided a copy of this letter. The warrant was executed on March 22, 1985, the same day the appellant was released and *Page 9 
taken into custody by the county sheriff. Id. The defendant was arraigned on April 2, 1985 and entered a not guilty plea. Id. The trial was set for June 17, 1985. Id.
 {¶ 19} On June 14, 1985, defendant filed a motion to dismiss the indictment alleging a violation of his speedy trial rights under R.C. 2941.401, R.C. 2945.71, Section 10, Article I of the Ohio Constitution, and the Sixth Amendment to the U.S. Constitution. Id. The trial court heard and denied the motion on June 17, 1985. Id. On July 11, 1985, defendant filed a notice of appeal, which was dismissed by the appellate court for want of jurisdiction on September 17, 1985. On November 20, 1985, the defendant was brought to trial on ten of the original counts in the indictment. Id. at 160-61. On November 27, 1985, defendant was found guilty on all counts. Id. at 161.
 {¶ 20} On appeal, defendant-appellant Fitch asserted that the trial court had erred in denying his motion to dismiss for speedy trial violations. Id. The Court of Appeals for the Fifth District agreed and reversed. The Appellate Court reasoned that:
 Although the appellant did receive a copy of a letter wherein the institution in which he was incarcerated acknowledged receipt of a letter from the Coshocton County Sheriff's Department stating that appellant would be taken into custody upon his release, the record is clear that appellant did not receive notice of his specific right under R.C. 2941.401 "to make a request for final disposition" of the pending indictment. *Page 10 
 The state legislature, in its wisdom, has elected to obligate the state to notify the accused of his right to make a demand for speedy disposition of pending indictments as well as the fact of such indictments. It would nullify the entire purpose of the statute if failure to give notice of the right would operate to relieve the state of its legal burden to try cases within rule.
 Absent such specific advice, the state cannot rely upon the prisoner's failure to make demand for speedy disposition but must count the time as having commenced upon the first triggering of the state's duty to give notice of the right to make demand for speedy disposition.
Id. at 162.
 {¶ 21} The defendant in Dillon was indicted on November 21, 2003.2007-Ohio-3617, at ¶ 2. A warrant on the indictment was requested that same day and subsequently issued. Id. On December 4, 2003, two county sheriff's detectives interviewed Dillon in the Franklin County jail where he was being held on unrelated charges. Id. at ¶ 3. Dillon was not served with a copy of the indictment during this interview. Id. On January 28, 2004, a detective and assistant prosecuting attorney met with Dillon at the Franklin County jail to discuss a plea bargain. Id. at ¶ 4. Although the prosecutor informed Dillon of his need to file a request with the Delaware County Prosecutor's Office to trigger the 180-day time period for trial, Dillon was not served with a copy of the indictment. Id.
 {¶ 22} On January 28, 2004, Dillon was transferred to the Ohio Corrections Reception Center ("C.R.C."). Id. at ¶ 5. A copy of the indictment was sent to C.R.C. on January 29, 2004 and, on February 4, 2004, a detective faxed the *Page 11 
warrant with specific instructions that it be served on Dillon; however, Dillon was never personally served with the indictment. Id.
 {¶ 23} Early in March 2004, Dillon was transferred to the Pickaway Correction Institution, but, again, Dillon was not served with the indictment. Id. at ¶ 6. On April 9, 2004, Dillon signed a "wanted detainer," which indicated that he was wanted by both the Franklin and Delaware county sheriffs; however, this document did not specify the charges pending against him nor did it inform him of his right to demand a speedy disposition of the charges. Id. On April 16, 2004, Dillon was returned to the Franklin County jail where, again, he was not provided a copy of the indictment. Id. at ¶ 7.
 {¶ 24} On August 13, 2004, Dillon was transported to Delaware County where, for the first time, he was served with a copy of the warrant and indictment, two hundred sixty six (266) days after he was indicted. On August 30, 2004, Dillon filed a motion to dismiss due to a speedy-trial violation. The trial court denied the motion, finding that Dillon was provided notice of his right to invoke speedy trial protections orally by the prosecutor.
 {¶ 25} The Court of Appeals for the Fifth District disagreed and reversed, relying upon its decision in Fitch. 37 Ohio App.3d 157. The Ohio Supreme Court affirmed, finding that R.C. 2941.401 required an incarcerated defendant receive a copy of the indictment against him andwritten notice of his right to request speedy disposition.Dillon, 2007-Ohio-3617, at ¶¶ 20, 23. *Page 12 
 {¶ 26} This case, however, is distinguishable from Fitch andDillon for several reasons that we will discuss below. The Court of Appeals for the Fifth District was presented with a similar case to that presented here in State v. Cepec, 5th Dist. No. 2006 CA 80,2007-Ohio-5300. The Court in Cepec distinguished Fitch andDillon, and we find Cepec's rationale persuasive here.
 {¶ 27} The defendant in Cepec was indicted on one count of possession of a deadly weapon while under detention in violation of R.C. 2923.131(B) on September 15, 2005. 2007-Ohio-5300, at ¶ 5. On October 6, 2005, an order to convey the defendant to Richland County was sent to the Ross Correctional Institute, where the defendant was incarcerated. Id. On October 18, 2005, the defendant was arraigned and personally served with a copy of the indictment. Id.
 {¶ 28} On November 7, 2005, a notice was mailed to the defendant informing him that a jury trial was scheduled for June 12, 2006 and pre-trial was scheduled for May 2, 2006. Id. at ¶ 6.
 {¶ 29} On June 6, 2006, the defendant filed a motion to dismiss arguing that his R.C. 2941.401 rights were violated because the warden had not notified him in writing of the untried indictment. Id. at ¶ 7. On June 28, 2006, the trial court held a hearing on the motion but ultimately denied the motion. Id. The trial court found that the warden's failure to notify the defendant of the pending charge did not trigger R.C. 2941.401's 180-day rule, because the defendant had been personally served with the indictment and arraigned on the charge. Id. *Page 13 
 {¶ 30} The defendant subsequently waived his right to jury trial and the matter was tried to the bench on September 18, 2006. Id. at ¶ 8. The defendant was found guilty and sentenced to eight (8) months imprisonment. Id.
 {¶ 31} On appeal, the defendant (appellant) argued that the trial court erred in overruling his motion to dismiss because he did not receive notice of his right to make request for final disposition as required under R.C. 2941.401. Id. at ¶ 12. The Appellate Court for the Fifth District disagreed. The Court reasoned that although the defendant was not provided with written notice from the warden, he was served with a copy of the indictment shortly (33 days) after he was indicted. Id. at ¶ 19. The Court specifically found that: "[t]he fact that the appellant was not notified by the warden does not excuse appellee's duty to trigger the running of his speedy trial rights under R.C. 2941.401 by making a written request for final disposition at such time." Id.
 {¶ 32} The Court distinguished this case from its prior decision inFitch on the basis that the defendant in Cepec, unlike the defendant inFitch, was provided a copy of the indictment and arraigned shortly (33 days) after he was indicted. Cepec, 2007-Ohio-5300, at ¶ 25. The Court also distinguished its case from the Ohio Supreme Court's case inDillon for the same two reasons; namely that: (1) defendant received a copy of the indictment; and (2) the relatively short delay between indictment and arraignment (33 days) indicated that the State had not delayed prosecution, which R.C. 2941.401 was intended to prevent. Id. at ¶¶ 17, *Page 14 
35. The Court in Cepec also dismissed defendant's argument that R.C. 2941.401 was violated because he was not informed in writing of his right to request final disposition. Id. at ¶ 35. Rejecting the claim, the Court stated:
 * * * this also seems to be unnecessary in this case because the case was being processed toward final disposition and appellant had the right to request to be tried within 180 days of his notice to the prosecuting attorney and the court if he chose to do so. The statute only requires that a person be informed in writing of his right to make a request for final disposition. It does not require that he be informed of his right to a speedy disposition or of a disposition within 180 days.
Id.
 {¶ 33} The facts of this case are similar to the Fifth District's case in Cepec. Like in Cepec, Schmuck was served with a copy of the indictment against him on October 12, 2007, thirty-two (32) days following his indictment by the Grand Jury. (Doc. No. 6). Also, like inCepec, Schmuck was arraigned on October 15, 2007, thirty-five (35) days following his indictment, which fails to indicate any delay in prosecution for which R.C. 2941.401 was intended to prevent.Cepec, 2007-Ohio-5300, at ¶ 17, citing State v. Hairston,101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 25. Like the Court inCepec, we find personal service of the indictment upon Schmuck was sufficient written notice to trigger his duty to request final disposition of the charges, which Schmuck failed to do. 2007-Ohio-5300, at ¶ 35. *Page 15 
 {¶ 34} We also note that this case is further distinguishable fromDillon because there is nothing in the record to indicate that the prison warden here had knowledge of the pending indictment and failed to serve the indictment or written notice of defendant's right to request final disposition. 2007-Ohio-3617, at ¶ 22. For these reasons, we reject Schmuck's claim that he was not provided with written notice of the charges against him and of his right to final disposition.
 {¶ 35} Since Schmuck failed to request final disposition in accordance with R.C. 2941.401, the State was required to prosecute within two-hundred seventy (270) days as prescribed in R.C. 2945.71.Salyers, 2005-Ohio-5037, at ¶¶ 9-10. Since Schmuck was incarcerated, time began to run from the date of the indictment. Id., at ¶ 10, citingState v. Grinnell (1996), 112 Ohio App.3d 124, 678 N.E.2d 231. Schmuck was indicted on September 10, 2007, so he should have been brought to trial by June 6, 2008. Schmuck was brought to trial on July 15, 2008, 309 days after the indictment was issued against him; however, several of Schmuck's motions tolled time. On October 17, 2007, Schmuck filed a motion for discovery and a request for a bill of particulars to which the State responded on October 24, 2007. This tolled time for seven (7) days, which would have required that the trial be held on June 13, 2008.State v. Jones, 3d Dist. No. 4-05-21, 2006-Ohio-5147, ¶ 12, citingState v. Brown, 98 Ohio St.3d 21, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 26 (discovery motion or motion for bill of particulars tolls time); R.C. 2945.72(E). Thereafter, Schmuck filed a motion for continuance *Page 16 
on January 30, 2008, which the trial court granted on February 4, 2008, tolling time for five (5) days. The trial court rescheduled the trial for May 1, 2008, which tolled time for eighty-five (85) days. State v.Brown, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, ¶ 41, citing R.C. 2945.72(H). As a result of his continuance request, Schmuck needed to be tried by September 11, 2008. Since Schmuck's trial was held on July 15, 2008, the trial occurred within the time limit prescribed by R.C. 2945.71 when tolled time is calculated.[1]
 {¶ 36} For all the aforementioned reasons, the trial court did not err by overruling the motion to dismiss; and therefore, Schmuck's assignment of error is overruled.
 {¶ 37} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 ROGERS and SHAW, J.J., concur.
[1] We note that time was further tolled after Schmuck's January 30th continuance request for eighty-one (81) more days when: (1) Schmuck's counsel withdrew and the trial was rescheduled again for June 24, 2008 (54 days); (2) new counsel filed a discovery request and motion for bill of particulars (1 day); and (3) new counsel filed a motion for continuance, which the trial court granted and rescheduled trial for July 15-16, 2008 (26 days). *Page 1