[Cite as *State v. Kramer*, 2012-Ohio-2841.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,             CASE NO. 7-11-05

    v.

ROBERT R. KRAMER, JR.,           O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Henry County Common Pleas Court
Trial Court No. 09CR0059

**Judgment Affirmed**

Date of Decision: June 25, 2012

APPEARANCES:

    *John H. Hanna* for Appellant

    *Keith H. Schierloh* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant State of Ohio ("the State") brings this appeal from the judgment of the Court of Common Pleas of Henry County dismissing the charges against defendant-appellee Robert Kramer ("Kramer") for violation of the speedy trial statute. For the reasons set forth below, the judgment is affirmed.

{¶2} On September 15, 2009, Kramer was indicted by the Henry County Grand Jury for one count of robbery in violation of R.C. 2911.02(A), a felony of the second degree, and one count of aggravated robbery in violation of R.C. 2911.11(A)(1), a felony of the first degree. Kramer was incarcerated at North Central Correctional Institution in Marion, Ohio at the time of the indictment. The indictment was delivered to the Marion County Sheriff on September 21, 2009, and was personally served upon Kramer. Defendant was arraigned on the charges on October 22, 2009.

{¶3} On April 19, 2010, Kramer filed a motion to employ an expert for DNA. The motion was granted by the trial court on April 27, 2010. On May 17, 2010, Kramer filed a motion for a continuance to give the expert more time to review the evidence. The motion was granted and the trial was continued until July 6, 2010. Multiple other continuances for various reasons were granted in the interim and the trial was continued until December 20, 2010. On December 10, 2010, Kramer filed a motion to suppress. A hearing was held on the motion on

December 20, 2010. The trial court overruled the motion to suppress on April 12, 2011. At that time, the trial was scheduled for July 11, 2011.

{¶4} On May 4, 2011, Kramer filed motions for discovery which were complied with that same day. On May 16, 2011, Kramer filed a motion to dismiss for violation of his speedy trial rights. The trial court held a hearing on the motion on June 3, 2011. On June 9, 2011, the trial court granted the motion to dismiss. The State appeals from that judgment and raises the following assignment of error.[1]

> **The trial court erred when it granted [Kramer's] motion to dismiss because fewer than 270 speedy trial days were chargeable to the State under [R.C. 2945.71 et seq.].**

{¶5} The sole question raised in this appeal is whether the trial court correctly calculated the time that passed from indictment to the motion to dismiss.

> **(C)  A person against whom a charge of felony is pending:**
>
> * * *
>
> **(2) Shall be brought to trial within two hundred seventy days after the person's arrest.**
>
> * * *
>
> **(E)  For purposes of computing time under [division (C)(2)] of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.**

---

[1] We recognize that Kramer also raised assignments of error. However, Kramer did not file a notice of appeal. Additionally, since the judgment is affirmed, his assignments of error would be moot and need not be addressed.

R.C. 2945.71. If the State fails to bring a defendant to trial within the required time and no waiver is obtained, the trial court must dismiss the charges against the defendant. R.C. 2945.73(B). However, if the defendant is incarcerated on a separate, unrelated case, the provisions of R.C. 2945.71(E) do not apply and the speedy trial time is counted on a one-for-one basis. *State v. Smith*, 8th Dist. No. 94227, 2010-Ohio-5354.[2] "[T]he Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state." *State v. Schmuck*, 3d Dist. No. 6-08-13, 2009-Ohio-546, ¶12 (quoting *State v. Steinke*, 158 Ohio App.3d 241, 2004-Ohio-1201, ¶5, citing *State v. Singer*, 50 Ohio St.2d 103 (1977)).

{¶6} In a case where a defendant is not arrested due to incarceration at the time of indictment, the time begins to run from the date of indictment. *State v. Salyers*, 3d Dist. No. 9-05-04, 2005-Ohio-5037 (citing *State v. Grinnell*, 112 Ohio App.3d 124 (10th Dist. 1996)). Once the statutory time limit has expired, a prima facie case is established for dismissal. *Smith, supra* at ¶8. "At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to

---

[2] Kramer argues that a 180 day limit as set forth in R.C. 2941.401 should apply. However, Kramer did not file the written notice and request for disposition to the warden to trigger that limit. "Absent a written request by the defendant as prescribed under R.C. 2941.401, the two hundred seventy (270) day time limitation in R.C. 2945.71 applies." *State v. Schmuck*, 3d Dist. No. 6-08-13, 2009-Ohio-546, ¶12. Despite the arguments raised by both Kramer and the State, the trial court did not use the 180 day time limit and properly applied the 270 day time limit in its consideration. Thus, the issue need not be reviewed.

R.C. 2945.72." *Id.* The time for trial may be extended by any period of delay necessitated by reason of a motion of the defendant. R.C. 2945.72(E).

{¶7} In this case, Kramer was indicted on September 15, 2009. The State then had 270 days to bring him to trial. Since Kramer was in prison for another conviction at the time, he was only entitled to a one-for-one calculation ratio. This means that the trial needed to be held by June 12, 2010. On April 19, 2010, Kramer filed a motion to be allowed to hire a DNA expert. At the time of the motion, 216 days had passed. The motion was ruled upon by the trial court on April 27, 2010. Thus, the eight days between April 19 and April 27, 2010, were tolled. On May 17, 2010, Kramer filed a motion for a continuance. This was 20 days later, bringing the total time passed for the speedy trial to 236 days. Numerous motions for continuances were filed and granted. This led to a new trial date of December 20, 2010, and a tolling of the time until that date. On December 10, 2010, Kramer filed a motion to suppress. Since all the time between the motion to continue and the motion to suppress was waived, the total time calculated still remained at 236 days. The trial court ruled on the motion to suppress on April 12, 2011, which again started the time running. However, Kramer was released from prison on June 16, 2010 and was being held on cash bond in jail. Thus, any time accumulated after the April 12, 2011 ruling would need to be calculated at a three-to-one ratio. On May 4, 2011, Kramer filed a

motion for discovery. This was 22 days after the prior ruling, which, when calculated at the three-to-one statutory ratio, accounts for an additional 66 days being added to the time for a total of 302 days chargeable to the State after indictment. This court notes that the request for discovery required no action by the trial court and was complied with by the State on the same day which resulted in no delay. *See State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588 (2d Dist.) (holding that discovery motions only toll the time for the length of time reasonably necessary to respond). At most, the day of May 4, 2011, would not be counted. On May 16, 2011, Kramer filed the motion to dismiss for a speedy trial violation. This is an additional 12 days, which would add 36 days to the calculation for a total of 338 days from indictment until the filing of the motion which would be charged against the State. This clearly exceeds the statutory limit of 270 days.

{¶8} The State argues that the trial court incorrectly calculated the time and should have tolled additional time. However, the burden is on the State to prove that additional time should have been tolled. The trial court determined that the State did not do so. A review of the record shows that the State did not provide any evidence as to why additional time should be tolled other than it is difficult to schedule everything. The trial court weighed this argument and fully considered the record before it. Construing the statute strictly against the State, this court

does not find that the trial court abused its discretion and erred.  The assignment of error is overruled.

{¶9} The judgment of the Court of Common Pleas of Henry County is affirmed.

*Judgment Affirmed*

**PRESTON and ROGERS, J.J., concur in Judgment Only.**

**/jlr**